101 So.2d 188 (1958)
The PULLMAN COMPANY, Appellant,
v.
Marie B. FLEISHEL and M.L. Fleishel, her husband, and Seaboard Air Line Railroad Company, Appellees.
No. A-233.
District Court of Appeal of Florida. First District.
March 18, 1958.
Rehearing Denied March 28, 1958.
*189 Loftin & Wahl, Jacksonville, for petitioner.
Mitchell, Donahoo & Rogers, Bedell & Bedell, Jacksonville, for respondents Marie B. Fleishel, et al.
Scott & Cox, Jacksonville, for respondent Seaboard Air Line R.R. Co.
WIGGINTON, Judge.
The petitioner seeks a writ of certiorari to review an interlocutory order entered by the Circuit Court of Duval County denying petitioner's motion for summary judgment in a law action.
Suit was instituted by the Fleishels to recover damages resulting from personal injuries and expenses incurred as a result of alleged negligence of the railroad company and the Pullman Company. Before answering, the Pullman Company took the depositions of plaintiffs; and plaintiffs likewise took depositions of various of defendant's employees who had knowledge of the occurrences out of which the cause arose. Petitioner thereupon filed its Motion for Summary Judgment on the theory that plaintiffs' admissions conclusively showed that plaintiffs' own negligence was the sole proximate cause of their injuries, if any. It is to review the trial court's order denying its motion that petitioner here seeks certiorari. The first and controlling question is whether the petitioner has demonstrated a right to the writ it now seeks.
Under our rules of procedure, all appellate review shall be by appeal except where review by certiorari is permitted.[1] Appeal from an interlocutory order in a common law action may action may be taken only when such order relates to questions of venue or jurisdiction over the person.[2]
This court has recently had occasion to define the class of interlocutory orders at law which will be reviewed by common law certiorari.[3] We held that certiorari would be granted only in those cases in which it clearly appeared there was no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Illustrative of the type of case in which review by certiorari will be considered is one in which the trial court has acted without and in excess of its jurisdiction, or its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.
In essence, petitioner urges that under the circumstances in this case the trial court's denial of its motion constitutes error in that it does not conform to the essential requirements of law for which there will be no adequate remedy by appeal. This contention is predicated upon the assertion that petitioner will be unduly *190 prejudiced and harassed if forced to assume the burden and expense of defending the suit.
Our research has failed to reveal any authority, and none has been cited by petitioner, which authorizes the granting of certiorari to review an order denying summary judgment in an action at law. It is indisputable that the necessity of defending any legal action can be burdensome and vexatious. Such, however, is one of the hazards of living and doing business under a system of free enterprise in which one who conceives himself to be injured is privileged to seek redress in a court of law.
Our Supreme Court has denied certiorari to review a trial court's order overruling a demurrer to a declaration seeking damages at law.[4] As in the case under consideration, the petitioner urged that the challenged order did not conform to the essential requirements of law, and that to require petitioner to defend would be expensive, time consuming and harassing.
To grant the writ that petitioner here seeks would go far toward breaking down the orderly administration of justice in the trial courts of this State, and would serve to inject this court into the trial of every case it may be ultimately called upon to review. As we stated in a recent case[5] involving the review of interlocutory orders by certiorari, "In the orderly process for the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the trial jurisdiction of the circuit court. It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case. * * * [however], If after the cause is tried and a final judgment is entered the petitioner-appellant then deems itself aggrieved by some irregularity * * * the time will be ripe to review the matter on appeal * * *. Until that time arrives, however, this Court is not in a position to evaluate properly the correctness of the various interlocutory rulings of the trial judge."
We do not doubt petitioner's sincerity in its belief that the plaintiffs at trial have, by their own testimony, precluded any recovery of the damages sought. Although we recognize that the expense of defending the action may well be substantial, we are nevertheless of the view that to grant the relief sought would, in the final analysis, produce more harm to our system of procedure than could be compensated by any benefit petitioner might derive from issuance of the writ it seeks.
For the foregoing reasons certiorari is denied.
STURGIS, C.J., and CARROLL, DONALD K.,J., concur.
NOTES
[1] Rule 3.1, Florida Appellate Rules.
[2] Rule 4.2, Florida Appellate Rules.
[3] Boucher v. Pure Oil Company, Fla.App., 101 So.2d 408.
[4] Patten v. Daoud, 152 Fla. 448, 12 So.2d 299.
[5] Board Of Commissioners Of State Institutions v. Tallahassee Bank And Trust Company, Fla.App., 101 So.2d 411.