131 So.2d 504 (1961)
Samuel C. TAYLOR, Appellant,
v.
BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, Florida, a body corporate, and county of Duval, a political subdivision of the State of Florida, Appellees.
No. C-402.
District Court of Appeal of Florida. First District.
June 27, 1961.
*505 Hazard & Thames, Jacksonville, for appellant.
McCarthy, Adams & Foote, and J. Henry Blount, Jacksonville, for appellees.
WIGGINTON, Chief Judge.
Petitioner seeks review by certiorari of an interlocutory order entered in an eminent domain proceeding brought by respondent School Board. The case is now before the court on the School Board's motion to dismiss the petition.
The School Board filed an action in eminent domain seeking to condemn for school purposes a parcel of land in Duval County. Petitioner Taylor is named as defendant owner of the land sought to be acquired. Duval County is also named as defendant by virtue of the current tax lien it holds against the property in question.
Taylor answered the petition alleging that he is the owner of the land described therein. In addition, he alleges that he also owns the property located across a platted street from the land sought to be condemned. He further alleges that prior to the filing of the suit he revoked the offer previously made to dedicate to public use the platted street separating his remaining property from the land involved in the eminent domain proceeding, thereby retaining ownership thereof. On the basis of these allegations Taylor claims ownership of the property adjacent to the land involved in the condemnation proceeding, and as such owner claims the right to be compensated for the severance damages which he will suffer as a result of the taking by the School Board. His answer also contains a counterclaim and cross claim against both the School Board and Duval County in which he prays that either he be restored to possession of the parcel of land which he claims to own and which lies in the platted street separating his land from the remaining parcel being condemned in the suit, or that his co-defendant Duval County be required to immediately institute condemnation *506 proceedings against the strip of land in question, and he be compensated therefor.
On motion the trial court struck that portion of Taylor's answer and counterclaim by which he asserts title to the strip of land lying in the platted street as hereinabove described, as well as his prayer for severance damages as an adjacent property owner. The court also struck Taylor's prayer that Duval County be required to condemn the strip of land in controversy. It is this order which Taylor now seeks to have quashed by writ of certiorari.
From the foregoing it is clear that the order sought to be reviewed is interlocutory in character and was entered in an action at law. It is equally clear that the order relates solely to the question of damages to which Taylor claims to be entitled under the issues made by the pleadings. In Board of Commissioners of State Institutions the appellant sought review of a pretrial order entered in an eminent domain proceeding relating solely to the type of evidence which would be admitted on trial relating to the value of the land sought therein to be condemned. In that case this court observed that "in the orderly process of the administration of justice appellate courts should cautiously avoid intrusion and encroachment upon the trial jurisdiction of the circuit court. It is not the function of an appellate court to inject itself into the middle of a lawsuit and undertake to direct the trial judge in the conduct of the case. No final judgment has yet been entered. If after the cause is tried and a final judgment is entered the petitioner-appellant then deems itself aggrieved by some irregularity in the proceeding, the time will be ripe to review the matter on appeal and correct the irregularity. Until that time arrives, however, this court is not in a position to evaluate properly the correctness of the various interlocutory rulings of the trial judge." Since the order there appealed was entered in an action at law, and did not relate either to venue or jurisdiction over the person, it was not the proper subject of an interlocutory appeal.[1] The case was accordingly dismissed and the relief prayed was denied.[2]
We are confronted with the question of whether a litigant may by petition for writ of certiorari accomplish indirectly that which the law will not permit him to accomplish directly by interlocutory appeal. We think the answer must be in the negative.
This court is firmly committed to the rule that certiorari to review an interlocutory order entered in an action at law, other than one relating to venue or personal jurisdiction, will be granted only in those cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment.[3] Petitioner seeks escape from the impact of the foregoing rule upon the assertion that the order assaulted will of necessity cause serious injury to him throughout all subsequent proceedings of the cause for the reason that it will deny to him an opportunity of presenting to the jury the true elements of damage which he will suffer. Such contention does not form a sufficient basis to justify granting the writ of certiorari. If we assume, as contended by petitioner, that the trial court erred in entering the order sought to be reviewed, there can be no question but that such error may be corrected on appeal after entry of final judgment. If on appeal it is determined that the order complained of is erroneous, the rights of the petitioner will be adjudicated, the judgment reversed and the cause remanded for a proper trial in *507 which petitioner will be afforded all relief to which he is entitled under the law.
The general rule above stated has its recognized exceptions. If the order sought to be reviewed is one in which the trial court purports to act without and in excess of its jurisdiction, or is one which does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which remedy by appeal will be inadequate, the appellate court may in its discretion issue the writ.[4] The foregoing exception to the general rule was recognized and followed by this court in the Boucher case.[5] The exception was likewise followed by the Second District Court of Appeal in State Road Department v. Shell,[6] which involved an order entered in an eminent domain proceeding relating to the matter of discovery. It is true that in both Rich[7] and in Parker[8] the Second District Court of Appeal granted certiorari to review interlocutory orders entered in eminent domain proceedings, neither of which fell clearly within the exceptions to the general rule outlined in the decision previously rendered by it in State Road Department v. Shell. The writ in each of the cited cases was granted by the court in the exercise of its sound discretion upon a determination that the questions there involved vitally affected the procedure necessarily utilized in the trial of eminent domain proceedings throughout the state, and were therefore questions of important public interest justifying an immediate and definitive answer. We do not conceive that the questions presented by the petition for certiorari which we now review approach in any manner the questions which were involved in Rich and Parker.
For the foregoing reasons we hold that the order in question is not properly reviewable by certiorari, and respondent's motion to dismiss the petition is accordingly granted.
CARROLL, DONALD, J., and FUSSELL, CARROLL W., Associate Judge, concur.
NOTES
[1] Rule 4.2, subd. a, F.A.R., 31 F.S.A.
[2] Board Of Com'rs Of State Institutions v. Tallahassee Bank & Trust Co., Fla. App. 1958, 101 So.2d 411.
[3] Fort v. Fort, Fla.App. 1958, 104 So.2d 69; Pullman Company v. Fleishel, Fla. App. 1958, 101 So.2d 188.
[4] Brooks v. Owens, Fla. 1957, 97 So.2d 693.
[5] Boucher v. Pure Oil Company, Fla.App. 1957, 101 So.2d 408.
[6] State Road Department v. Shell, Fla. App. 1960, 122 So.2d 215.
[7] Rich v. Harper Neon Company, Fla. App. 1960, 124 So.2d 750.
[8] Parker v. Armstrong, Fla.App. 1960, 125 So.2d 138.