PER CURIAM.
Von D. Mizell, petitioner here, was also the petitioner in a Circuit Court proceeding whereby he sought review of a Resolution of the Board of Commissioners of North Broward Hospital District suspending his surgical privileges. He now seeks a writ of certiorari to review a Circuit Court order denying his motion for judgment and requiring him to submit briefs and arguments prior to its making a final determination.
This petition for writ of certiorari is, in effect, an attempt to have an interlocutory appeal in a common law action. We have read the briefs of the parties, studied the record in the case, and find nothing unusual in this record to justify the writ requested which could not be adequately protected after final judgment in this case by an appeal.
Our sister court of the First District, in an opinion by Judge Wigginton, in Taylor v. Board of Public Instruction, Fla.App.1961, 131 So.2d 504, said:
“This court is firmly committed to the rule that certiorari to review an interlocutory order entered in an action at law, other than one relating to venue or personal jurisdiction, will be granted only in those cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Petitioner seeks escape from the impact of the foregoing rule upon the assertion that the order assaulted will of necessity cause serious injury to him throughout all subsequent proceedings of the cause for the reason that it will deny to him an opportunity of presenting to the jury the true elements of damage which he will suffer. Such contention does not form a sufficient basis to justify granting the writ of certiorari. If we assume, as contended by petitioner, that the trial court erred in entering the order sought to be reviewed, there can be no question but that such' error may be corrected on appeal after entry of final judgment. If on appeal it is determined that the order complained of is erroneous, the rights of the petitioner will be adjudicated, the judgment reversed and the cause remanded for a proper trial in which petitioner will be afforded all relief to which he is entitled under the law.”
Certiorari denied.
ALLEN, Acting C. J., and WHITE and ANDREWS, JJ., concur.