JOHNSON, Judge.
This is a petition for a writ of certiorari to the circuit court in and for St. Johns County, Florida, to review an interlocutory order granting defendant’s motion to strike certain portions of the complaint.
The petitioner here was the plaintiff below and the respondent was the defendant and the parties shall be so referred to herein.
The plaintiff filed her complaint and amended complaint at law, seeking to recover a money judgment for damages alleged to have been sustained as the result of alleged fraudulent representations made by the defendant to induce the plaintiff to purchase a certain house and lot from the defendant. Plaintiff claims she paid defendant $20,000 for the house and lot based upon the representation of the defendant that it was free of termites and in sound condition although the defendant knew at the time that it was infested with termites, and that defendant had in fact procured a carpenter to go into the house and patch up and conceal the termite damage so that the plaintiff could not detect it with an ordinary inspection. The allegation is made that plaintiff is an old lady of 70 years and a long time friend of the defendant.
Motion to dismiss the complaint was filed by the defendant, along with a motion to strike paragraphs 9 and 10 of the complaint. The motion to dismiss was granted and ’no action taken on the motion to strike. Appeal to this court was made, 169 So.2d 43, and the order dismissing the complaint was reversed and the cause remanded for further proceedings, this court holding that the complaint contained sufficient allegations of fraud to state a cause of action entitling the plaintiff to the opportunity of proving the same before the jury. When the mandate reached the lower court, the defendant’s motion to strike paragraphs 9 and 10 of the complaint as amended was brought on for hearing and the same granted, and the defendant required to answer on or before April 20, 1965. This is the order desired to be reviewed in this proceeding.
Rule 4.2 Florida Appellate Rules, 31 F. S.A., provides for:
“Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person * * * ; and provided, however, this rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari.” (Emphasis supplied)
This court has said [1]:
“This court is firmly committed to the rule that certiorari to review an interlocutory order entered in an action at law, other than one relating to venue or personal jurisdiction, will be granted only in those cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Petitioner seeks escape from the impact of the foregoing rule upon the assertion that the order assaulted will of necessity cause serious injury to him throughout all subsequent proceedings of the cause for the reason that it will deny to him an opportunity *611 of presenting to the jury the true elements of damage which he will suffer. Such contention does not form a sufficient basis to justify granting the writ of certiorari. If we assume, as contended by petitioner, that the trial court erred in entering the order sought to be reviewed, there can be no question but that such error may be corrected on appeal after entry of final judgment. If on appeal it is determined that the order complained of is erroneous, the rights of the petitioner will be adjudicated, the judgment reversed and the cause remanded for a proper trial in which petitioner will be afforded all relief to which he is entitled under the law.”
Also, this court has heretofore defined the class of interlocutory orders at law which will be reviewed by common law writ of certiorari, in Pullman Company v. Fleishel, 101 So.2d 188 (1st D.C.A.1958), as follows:
“We held that certiorari would be granted only in those cases in which it clearly appeared there was no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Illustrative of the type of case in which review by certiorari will be considered is one in which the trial court has acted without and in excess of its jurisdiction, or its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.”
We think the instant case clearly falls within the guidelines to which this court has committed itself in the above cited cases, and the law as stated therein controls our decision here. As to the other points raised as to the elements of damages, we are inclined to the view that the trial court under the remaining paragraphs of the complaint, can and will entertain evidence as to the amount of such damages, but if not, the matter can still be reviewed upon appeal from the final judgment if desired, and if it is determined that granting the motion to strike was wrong and prejudicial to the plaintiff, the matter can then be corrected by this court.
For these reasons stated, the petition for the writ of certiorari is hereby dismissed.
RAWLS, C. J., and STURGIS, J., concur.

. Taylor v. Board of Public Instruction of Duval County, 131 So.2d 504 (1st D.C.A.1961).