OWEN, Judge.
In an eminent domain proceeding seeking an air navigation (avigation) right and easement in order to establish and maintain a Clear Zone Approach Area at the Fort Lauderdale-Hollywood International Airport in Broward County, Florida, the court entered its pretrial order which provided that at the trial of this cause the defendants would not be permitted to place into evidence certain sound recordings or other evidence concerning noise from aircraft using the easement. The defendants seek to have this order reviewed by this original petition for writ of certiorari.
Generally speaking, the discretionary writ of certiorari will be granted to review an interlocutory order (not otherwise reviewable by interlocutory appeal) only in those cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment. Employers Fire Insurance Company v. Blanchard, Fla.App.1970, 234 So.2d 381; Taylor v. Board of Public Instruction of Duval County, Fla.App.1961, 131 So.2d 504; Boucher v. Pure Oil Co., Fla.App.1957, 101 So.2d 408. Petitioners’ assertion that the order in this case will deny them an opportunity of presenting to the jury the true elements of damages which they will suffer (the merits of which assertion we do not here decide), is not a sufficient basis to justify granting the writ of certiorari. Taylor v. Board of Public Instruction of Du-val County, supra.
In denying the petition for writ of cer-tiorari we do so without prejudice to the right of petitioners to seek appellate review of such order on appeal from the final judgment, should they be so advised. We feel confident that the trial court will be glad to clarify its order if the parties are in doubt as to its scope, and that any evidence which may be excluded by virtue thereof can be preserved for appellate review through appropriate identification and proffer at the trial.
Certiorari denied.
CROSS, C. J., and McCAIN, J., concur.