291 So.2d 24 (1974)
David W. ROMISH, Petitioner,
v.
Alfonso ALBO and Carlita Albo, Respondents.
No. 73-1401.
District Court of Appeal of Florida, Third District.
February 26, 1974.
Rehearing Denied March 25, 1974.
Weinstein & Bavly and Arthur J. Morburger, Miami, for petitioner.
Weissenborn, Burr & Hyman, Miami, for respondents.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Petitioner, defendant in the trial court, seeks review by this common law petition for a writ of certiorari of an order denying a motion for leave to amend his answer.
Respondents filed a complaint against petitioner, a minor, his father as owner of the vehicle in which his son was driving, *25 and the Allstate Insurance Company, the father's insurer, alleging negligence and claiming damages for personal injuries resulting from an automobile accident. On April 17, 1973, petitioner, represented by counsel for the insurance company, answered, denying liability and affirmatively pleading contributory negligence by the respondent, Alfonso Albo. Discovery proceedings were instituted, and on October 9, 1973 petitioner and his father were deposed.
At petitioner's deposition, counsel for the insurer learned for the first time of the fact that petitioner had incurred medical expenses in excess of the threshold $1,000 provided in Fla. Stat. § 627.737(2), F.S.A., and therefore he possessed a right of action. On October 25, 1973, petitioner filed a motion for leave of court to file an amendment to his answer in the form of a counterclaim. The court denied the motion.
At the outset, we note respondents' objections to common law certiorari in this case. Respondents have pointed out the limited availability of F.A.R. 4.2(a), 32 F.S.A., respecting appeals from orders interlocutory in nature, as in the cause sub judice. Further, respondents have cited correctly the prevailing law that certiorari from an interlocutory order, not within F.A.R. 4.2(a), will not lie, unless said order does not conform to essential requirements of law and may reasonably tend to cause material injury in subsequent proceedings of the case. For reasons specified hereinafter, we think certiorari does lie in this case, and accordingly the writ is granted and the order of the trial court is quashed.
Petitioner has raised two points in his brief both of which we agree constitute a departure from essential requirements of law. First, petitioner contends that Florida RCP 1.170(a) and (f) required the trial court in this case to grant leave to amend his answer.
Amendments to pleadings is a matter within the sound, but not unbridled discretion of the trial judge. Turner v. Trade-Mor, Inc., Fla.App. 1971, 252 So.2d 383. The policy of the RCP, implemented by Florida courts, is to liberally permit amendments to pleadings "when justice so requires." RCP 1.190(a), 30 F.S.A.; Turner v. Trade-Mor, Inc., supra; Richards v. West, Fla.App. 1959, 110 So.2d 698; Fouts v. Margules, Fla.App. 1957, 98 So.2d 394.
In the instant case, petitioner's counterclaim is clearly compulsory in nature. The parties dispute whether petitioner's failure to plead a compulsory counterclaim in this case would preclude, under principles of res judicata, an independent suit at a later date. See Reynolds v. Hartford Acc. & Indem. Co., D.C.N.Y. 1967, 278 F. Supp. 331. In our view, this nice question is unnecessary to reach, because the purpose of RCP 1.170, which is substantially the same as Federal Civil Rule 13 respecting counterclaims, is to avoid multiplicity of lawsuits. Wendell v. Holland-America Line, D.C.N.Y. 1961, 30 F.R.D. 162.
Florida R.C.P. 1.170(f) reads as follows:
"(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect or when justice requires, he may set up the counterclaim by amendment with leave of the court." [Emphasis supplied.]
In this case, counsel for the petitioner, retained by the insurance company, discovered information creating a valid compulsory counterclaim some six months after filing the answer. We think the trial court's failure to grant leave to amend in this case was an abuse of discretion.
There is a second reason for granting the writ, based upon petitioner's second point. Petitioner is a minor, and neither his attorney nor his father, as prochein ami in this case, could waive his right to file a compulsory counterclaim, absent an *26 order of court. Garner v. I.E. Schilling Co., 1937, 128 Fla. 353, 174 So. 837, 111 A.L.R. 682; see also Fla. Stat. § 744.60, F.S.A. and Section 744.13(2).
Therefore, for the reasons stated and upon the authorities cited, the writ is granted and the order of the trial court is quashed with directions that petitioner be granted leave to file a counterclaim.
It is so ordered.