309 So.2d 234 (1975)
David SIEGEL, Petitioner,
v.
A.N. ABRAMOWITZ et al., Respondents.
No. 74-1551.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
*235 James E. Foster, of Fishback, Davis, Dominick & Simonet, Orlando, for petitioner.
Robert J. Pleus, Jr., Harold C. Hubka and Darryl M. Bloodworth, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for respondent Abramowitz.
Francis E. Pierce, Jr., Orlando, for respondent Elder.
DOWNEY, Judge.
As a result of defendant Abramowitz's motion in limine the trial court entered an order precluding at the upcoming trial of this cause the introduction of any evidence or comment of counsel relative to (a) certain valuations of the property in question and (b) the sums certain potential purchasers might be willing to pay for the property. Since this is an action previously cognizable at law, plaintiff Siegel seeks review of said interlocutory order by a petition for writ of certiorari.
We are of the opinion that the petition could be denied with a simple reference to Simpson v. Broward County, Fla. App. 1970, 241 So.2d 193. However, for the sake of emphasis since we are experiencing more frequent petitions for writ of certiorari directed to interlocutory orders in cases previously cognizable at law, we would point out once again that such orders in such cases are reviewable by certiorari only when it clearly appears there is no full, adequate and complete remedy available by appeal after final judgment. Simpson v. Broward County, supra.
Petitioner contends that he will not have a full, adequate and complete remedy after final judgment because he will have gone through a trial under the burden of the order complained of, incur substantial expenses for experts, etc., and because resolution of the issue now on appeal might preclude the necessity of a second trial. To paraphrase petitioner's argument, it would be expedient for this court to resolve the question now and save everyone a great deal of time and expense. On its face that is very compelling argument! However, acceptance of such an argument would surely lead to a further inundation of the appellate courts of this state with petitions for certiorari in cases previously cognizable at law and would thereby create greater detriments than benefits to an already overloaded judicial system. One can hardly envision a case wherein the loser on an interlocutory motion would not feel an immediate appellate determination of the issue would facilitate the handling of the remainder of the case, and save time, effort and expense. For this reason such grounds constitute an insufficient basis for obtaining a writ of certiorari to review an interlocutory order in an action formerly cognizable at law. See Pullman Company v. Fleishel, Fla.App. 1958, 101 So.2d 188.
We therefore decline to pass on the validity of the trial court's order in question as in our judgment a plenary appeal after final judgment will afford petitioner full, adequate and complete relief.
Accordingly, the petition for writ of certiorari is denied.
OWEN, C.J., and CROSS, J., concur.