309 So.2d 586 (1975)
Laurent PIC and Mary Ann Pic, His Wife, Petitioners,
v.
HOYT DEVELOPMENT CO., INC., a Florida Corporation, Respondent.
No. 74-1274.
District Court of Appeal of Florida, Second District.
March 19, 1975.
Robert F. Nunez and Christopher Ferguson, St. Petersburg, for petitioners.
R.J. Haynsworth and William H. Bartlett, Haynsworth & Bartlett, St. Petersburg, for respondent.
*587 PER CURIAM.
The complaint filed by the petitioner alleges that they are entitled to compensatory and punitive damages on the theory of breach of contract from the respondent/defendant, contractor, for its failure to construct their home in accordance with plans and specifications. On the day before the case was scheduled for trial, the petitioners' attorney filed a motion in limine requesting that the contractor be instructed not to introduce into evidence during the trial the fact that he had offered to purchase the property for the sum of $24,000 and assume the existing mortgage. The motion was denied on the premise that the testimony would be admissible as reflecting what the respondent would now be willing to pay for the petitioners' residence. The trial was continued pending the filing of this petition for writ of certiorari.
While the contractor could certainly give his opinion of the present value of the residence, the fact that his opinion was given in the form of repeating an offer of settlement might well constitute error. However, it is not necessary for us to pass on the question at this time because we cannot presuppose the manner in which the evidence will be admitted and whether, even if admitted in error, the error would be so harmful as to dictate a reversal. More important is the fact that common law certiorari is a discretionary writ which will only be issued to review an interlocutory order at law where there is a clear showing that there has been a departure from the essential requirements of the law which will cause material injury to the petitioner throughout the remainder of the proceedings for which the remedy by appeal would be inadequate. Wright v. Sterling Drugs, Inc., Fla.App.2d 1973, 287 So.2d 376; Dairyland Insurance Company v. McKenzie, Fla.App. 1st 1971, 251 So.2d 887.
Certiorari denied.
McNULTY, C.J., and BOARDMAN and GRIMES, JJ., concur.