338 So.2d 79 (1976)
SANTINI BROTHERS, INC., and Insurance Company of North America, Petitioners,
v.
Melvin GROVER et al., Respondents.
No. 76-543.
District Court of Appeal of Florida, Fourth District.
October 8, 1976.
Frank E. Maloney, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioners.
Steven R. Berger of Carey, Dwyer, Austin, Cole & Selwood, Miami, for respondents.
DOWNEY, Judge.
Petitioner as a third party defendant in the trial court seeks review by certiorari of an order denying petitioner's motion to dismiss the third party complaint.
We see no reason to grant the petition in this case and rule on the merits of the question presented unless we propose to allow certiorari review in every action formerly cognizable at law when a defendant is aggrieved by the trial court's failure to grant a motion to dismiss the complaint. No one has yet demonstrated a valid reason for allowing interlocutory appeals in matters formerly cognizable in equity but refusing to allow such in law actions. But we have the rule and until changed it should be honored.
The cases are legion that hold that in actions formerly cognizable at law certiorari will be granted only in those cases in which it clearly appears that the trial court is acting in excess of its jurisdiction or where an interlocutory order does not conform to the essential requirements of law and to proceed without immediate review may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal is inadequate. Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla. 3 DCA 1973); Pullman Company v. Fleishel, 101 So.2d 188 (Fla. 1 DCA 1958). And it has long since been decided that *80 having to experience the rigors and expense of a trial are not such material injury which cannot be remedied by plenary appeal. As this court stated in Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4 DCA 1975):
"Petitioner contends that he will not have a full, adequate and complete remedy after final judgment because he will have gone through a trial under the burden of the order complained of, incur substantial expenses for experts, etc., and because resolution of the issue now on appeal might preclude the necessity of a second trial. To paraphrase petitioner's argument, it would be expedient for this court to resolve the question now and save everyone a great deal of time and expense. On its face that is a very compelling argument! However, acceptance of such an argument would surely lead to a further inundation of the appellate courts of this state with petitions for certiorari in cases previously cognizable at law and would thereby create greater detriments than benefits to an already overloaded judicial system. One can hardly envision a case wherein the loser on an interlocutory motion would not feel an immediate appellate determination of the issue would facilitate the handling of the remainder of the case, and save time, effort and expense. For this reason such grounds constitute an insufficient basis for obtaining a writ of certiorari to review an interlocutory order in an action formerly cognizable at law. See Pullman Company v. Fleishel, Fla.App. 1958, 101 So.2d 188."
As we see it, this petition is but another example of an effort to review an interlocutory order in a law action, which review if successfully prosecuted would obviate the necessity of the petitioner contending further with this litigation, yet the same order could be adequately reviewed by an appeal from the final judgment if petitioner should be aggrieved thereby.
In fairness to petitioner it must be recognized that there seems to be a division of authority on the question. Some courts holding such an order cannot be reviewed by certiorari, others holding certiorari will lie, and other courts holding both ways. In Patten v. Daoud, 152 Fla. 448, 12 So.2d 299 (1943), the Supreme Court denied certiorari to review a trial court order overruling a demurrer to a declaration in a law action. In The Pullman Company v. Fleishel, supra, the First District refused to grant certiorari to review an interlocutory order in a law action. But in Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1 DCA 1970), the same court granted certiorari review of an order denying a motion to dismiss a complaint in a law action. In the latter case the court reasoned that if the order in question was erroneous it would constitute a departure from the essential requirements of law. This court has on numerous occasions refused to grant certiorari to review such orders. Siegel v. Abramowitz, supra; Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975). But in Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. DCA 1974), following Beta Eta House, supra, this court granted certiorari to review an order denying a motion to dismiss a third party complaint in an action formerly cognizable at law. I would distinguish Stuart v. Hertz Corporation, supra, from Siegel and Solitron Devices on the basis that in Stuart this court found that the trial court's denial of petitioner's motion to dismiss the third party complaint "would cause material injury to the petitioner throughout the remainder of the proceedings from which there will be no adequate remedy by appeal." The court did not articulate what that injury might be, and the writer is unable to envision any irreparable injury which would befall the petitioner. However, that was the holding of the court in that case. In Siegel and Solitron Devices, on the other hand, we denied certiorari because it was clear to us that no material injury would inure to the petitioner which could not be remedied by plenary appeal.
For the reasons stated in Pullman, Siegel, and Solitron it is our view that we should once again exercise our discretion to deny the petition for writ of certiorari.
*81 Accordingly, for the foregoing reasons the petition for writ of certiorari is
DENIED.
CROSS and ALDERMAN, JJ., concur.