MAGER, Chief Judge
(dissenting):
In my opinion the petitioners have clearly demonstrated that the trial court’s dismissal of their third party complaint seeking contribution and/or indemnity constitutes a departure from the essential requirements of the law which will cause material injury to the petitioners throughout the remainder of the proceedings below for which the remedy by appeal would be inadequate. Pic v. Hoyt Development Co., Inc., 309 So.2d 586 (Fla. 2d DCA 1975); see also Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974); Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970); 5 Fla.Jur., Certiorari, § 12.
The petitioners’ third party complaint seeking contribution and/or indemnity is consistent with the Florida rules on third party practice, Rule 1.180(a), Fla.R.Civ.P., and conforms with the intended objectives embodied within the Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes, adopted by the Florida legislature in 1975. See Nationwide Mutual Insurance Company v. Fouts, 323 So.2d 593 (Fla. 2d DCA 1975); Stuart v. Hertz Corporation, supra ; see also Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976).
The purposes and objectives of third party practice as well as the newly enacted rule permitting contribution are defeated when a defendant is unable to bring into *1076 the litigation “a person not a party to the action who is or may be liable to him for all or part of the plaintiff’s claim against him.” Rule 1.180(a), supra. See Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA 1969).
The decisions in Siegei v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975) and Soliton Devices v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975), upon which the majority relies as a basis for denying the petition for certiorari, are factually distinguishable and therefore inapplicable. In Siegel and Solitron the orders sought to be reviewed were clearly matters which were directly relevant to the merits of the litigation for which an adequate remedy was available by appeal after final judgment. However, where the dismissal of a third party complaint is involved, an erroneous disposition of this issue would have no relation to the merits of the litigation nor to the disposition of the case on the merits on appeal. An appeal would simply not provide a full, adequate and complete remedy. Siegel v. Abramowitz, supra.
It would seem that by dismissing the third party complaint we do very little to avoid a multiplicity of actions which the third party practice rule was designed to eliminate. Mims Crane Service, Inc. v. Insley Mfg. Corp., supra. Therefore, I would grant certiorari upon the authorities herein-above cited and permit the plaintiff to file a third party complaint.