PER CURIAM.
ON PETITION FOR REHEARING
Respondent sued petitioners for damages sustained when he was stabbed by a patron in the restaurant owned by petitioner Steak Enterprises, Inc., while respondent was a patron in said restaurant. After the cause was at issue petitioners filed a motion for leave to file a third party complaint against one Robert Lawson, the patron who allegedly stabbed respondent. The trial court denied the motion, and petitioners sought a writ of certiorari to have that order reviewed.
On October 1,1976, we published an opinion denying the petition on authority of Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4 DCA 1975), and Solitron Devices v. Reiland, 311 So.2d 729 (Fla. 4 DCA 1975), Judge Mager dissenting.
In their petition for rehearing petitioners suggest that the majority of the court failed to consider the fact that if the case is allowed to proceed without permitting the petitioners to implead Lawson, the alleged wrongdoer, petitioners might sustain irreparable injury not rectifiable by plenary appeal. Petitioners point out that Lawson claims he stabbed respondent in self defense. If the trier of fact believes this claim, petitioners might well be absolved of liability. However, in the present status of this litigation, if the trier of fact decides that Lawson did not act in self defense, one or both of the petitioners might be held liable to respondent. But unless Lawson is made a party to this action the finding that he did not act in self defense would not be binding on him. Hence, if the petitioners filed an independent action against Lawson seeking indemnity, another trier of fact would be free to find that Lawson did act in self defense, thereby preventing petitioners from obtaining indemnity from Lawson. A plenary appeal from an adverse judgment in the main case could not rectify the injury petitioners might suffer in an indemnity action.
We therefore conclude that under the facts of this case, the trial court’s order denying petitioners’ motion for leave to file a third party complaint constituted a departure from the essential requirements of law which may reasonably cause material injury to petitioners for which remedy by plenary appeal would be inadequate. We therefore grant the petition for rehearing, vacate and withdraw our opinion published October 1, 1976, and remand the cause with directions to the trial court to grant petitioners’ motion for leave to file a third party complaint.
*1077 GRANTED AND REMANDED, with directions.
MAGER, C. J., and DOWNEY and ALDERMAN, JJ., concur.