340 So.2d 1228 (1976)
Barbara T. SUMMERLIN, As Executrix of the Estate of William H. Tinsman, Deceased, and State Farm Mutual Automobile Insurance Company, Petitioners,
v.
John R. EPPS, Respondent.
No. 76-1065.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
Jonathan D. Schuman, of Weathers & Narkier, West Palm Beach, for petitioners.
Stephen N. Montalto, of Mark Marks, P.A., North Miami, and Martha C. Warner of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for respondent.
PER CURIAM.
The petition for writ of certiorari to review an order of the trial court denying petitioners' motion for leave to file a counterclaim in a suit formerly cognizable at law is denied upon authority of the following decisions of this court: Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976).
We fully recognize that the Third District Court of Appeal held to the contrary on almost identical facts in Romish v. Albo, 291 So.2d 24 (Fla. 3d DCA 1974). But as the above cited decisions of this court pointed out, the kind of order now before us is reviewable on plenary appeal. If on plenary appeal reversible error is found to inhere in said order, petitioner would be entitled to litigate her proposed counterclaim. Surely under these circumstances where petitioner attempted to assert the counterclaim in this suit, the compulsory counterclaim rule would not militate against her.
Petition for Writ of Certiorari DENIED.
CROSS and DOWNEY, JJ., concur.
MAGER, C.J., dissents, with opinion.
MAGER, Chief Judge (dissenting):
In my humble opinion the factual circumstances of this case fall squarely within the holding of Romish v. Albo, 291 So.2d 24 *1229 (Fla. 3d DCA 1974). The decisions of this court, as cited in the majority opinion, are factually distinguishable and are therefore not controlling. The criteria for granting certiorari as set forth in the opinions of this court has been met. Allstate Insurance Company v. Gibbs, Fourth District Court of Appeal, Fla.App., 340 So.2d 1202, 1976; Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976). Accordingly, certiorari should be granted with leave to the petitioners to file their counterclaim.