HENDRY, Chief Judge.
United States Fidelity & Guaranty Company (U. S. F. & G.), defendant below, takes this consolidated appeal from orders granting a partial summary judgment on the issue of liability rendered in favor of Juan Perez, as administrator of the estate of Johnny Perez, deceased, plaintiff below.
Consolidated with the above are appeals taken by Perez, in his aforementioned capacity as administrator, from an order striking with prejudice count III of his complaint, which sought punitive damages from Maria Otero, defendant below and U. S. F. & G.’s insured.
The well publicized facts surrounding this case concern the shooting death of young Johnny Perez by Maria Otero, on April 9, 1975. The incident, from which Otero was found guilty of second degree murder, occurred while Johnny was frolicking in and about Otero’s swimming pool, without her permission.
Juan Perez, as administrator of the estate of his deceased son, and on behalf of himself and his wife Eva, as parents, filed suit against Otero and her insurer, U. S. F. & G. The case proceeded, hampered by Otero’s subsequent disappearance while out on bond.[1] Both Perez and U. S. F. & G. moved for summary judgment on the coverage issue, the latter relying upon a provision in its homeowners policy, issued' to Otero, which excludes intentional acts from the ambit of coverage. Perez, alleging negligence in his complaint, relied upon testimony taken from Otero’s criminal trial wherein she stated that the shooting of Johnny was not an intentional act, but was rather an accident, caused by an inadvertent discharge of her gun, which she had allegedly brandished to frighten the youth.
On March 25, 1976, at the hearing on the Perez and U. S. F. & G. motions for summary judgment, the trial judge announced his intention to deny U. S. F. & G.’s motion and grant Perez’s motion, rendering summary judgment on the coverage issue in favor of Perez. At that point, Otero’s personal counsel made an ore tenus motion to strike from the complaint the count III allegations relating to punitive damages. Counsel argued that having prevailed on the “intentional tort” aspect of the coverage question against U. S. F. & G., Perez could not continue to pursue a punitive damage claim against Otero, individually. The court thereupon announced that Otero’s motion to strike was granted. On April 14, 1976, in accordance with its earlier ruling, the trial court entered an “amended order striking punitive damage claim with prejudice.”
*566 The partial summary judgment is appealed by U. S. F. & G., while Perez has appealed the order striking punitive damages. In our discretion, we shall properly treat the latter as a petition for certiorari. See Radio Communications Corporation v. Oki Electronics of America, Inc., 277 So.2d 289 (Fla. 4th DCA 1973).
After carefully reviewing the record, briefs and arguments of counsel, we find genuine issues of material fact left unresolved by the proceedings below which preclude the entrance of summary judgment. Hix v. Sirkis, 190 So.2d 207 (Fla. 3d DCA 1966).
Among the issues yet to be determined is whether Otero’s act in shooting Johnny Perez was intentional or negligent and whether Otero’s subsequent disappearance has so prejudiced U. S. F. & G. so as to preclude its effective defense of the case. See Ramos v. Northwestern Mutual Insurance Company, 336 So.2d 71 (Fla.1976).
As for the order striking the claim for punitive damages, we note that the trial judge entered said order based upon his determination that Otero’s act amounted only to negligence. Apparently the trial judge was of the view that a negligent tortious act would not support a claim for punitive damages. In light of our reversal of the partial summary judgment rendered on the coverage issue, we are of the opinion the aforementioned order striking the claim for punitive damages was prematurely entered. Therefore we do not pass upon the merits of the order striking punitive damages. We believe that the trial judge departed from the essential requirements of law and we therefore grant certiorari and quash said order. Pic v. Hoyt Development Co., Inc., 309 So.2d 586 (Fla.2d DCA 1975).
In conclusion, the partial summary judgment rendered in case numbers 76-814 and 76-815 is reversed and the cause is remanded for further proceedings. The order striking the punitive damage claim reviewed in case numbers 76-735 and 76-795 is quashed.
Reversed and remanded for further proceedings not inconsistent herewith.

. Otero’s whereabouts has, to this day, remained a mystery.