369 So.2d 93 (1979)
George ESLER, Seagoing Electronics Corp., and Barco Electronics, Inc., Petitioners,
v.
Albert GABINET, Respondent.
No. 78-2589.
District Court of Appeal of Florida, Fourth District.
March 21, 1979.
Rehearing Denied April 18, 1979.
*94 Edna L. Caruso, West Palm Beach, and Anthony M. Livoti, Jr., of Kruse & Livoti, Fort Lauderdale, for petitioners.
James J. Belcher, Pompano Beach, for respondent.
BERANEK, Judge.
Petitioner here seeks review by common law certiorari of the lower court's denial of a protective order under Rule 1.280(c) Fla. R.Civ.P. Petitioner and respondent each own 50% of two marine electronics corporations. Conflict arose between the parties which resulted in respondent's resigning his corporate office and establishing a competing electronics firm. Respondent then filed suit to dissolve the co-owned corporation, for damages and for cancellation of certain corporate acts. Respondent sought production of certain corporate documents under Rule 1.350 Fla.R.Civ.P. Pursuant to a motion to compel discovery, the documents were ordered produced and petitioner was ordered to submit to deposition. Petitioner subsequently sought a protective order which was denied. Petitioner here seeks review of that denial.
Based on the petition and attachments, and the very nature of the 50/50 ownership of the business, we conclude petitioner has failed to show the necessary basis for certiorari jurisdiction. There has been no demonstration that the trial court departed from the essential requirements of law or that there is no adequate remedy on appeal after final judgment. Pic v. Hoyt Development Co., Inc., 309 So.2d 586 (Fla.2d DCA 1975). In denying certiorari, we do not decide whether the trial court erred. Such a determination would be premature as noted by the First District in Ford Motor Company v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978). The trial court, of course, still retains jurisdiction to enter a protective order if the petitioner can demonstrate that any particular demands in the actual course of discovery are burdensome, embarrassing, or otherwise improper.
The petition for certiorari is hereby DENIED.
CROSS and DAUKSCH, JJ., concur.