369 So.2d 1042 (1979)
Susan LYNCH, Petitioner,
v.
CITY OF DEERFIELD BEACH, a Municipal Corporation, Broward Ambulance Corporation, a Florida Corporation, d/b/a Atlantic Intercity Ambulance, and North Broward Hospital District, d/b/a North Broward Hospital, Respondents.
No. 79-546.
District Court of Appeal of Florida, Fourth District.
April 25, 1979.
Ted H. Bartelstone and Leonard H. Rubin and Sinclair, Louis, Siegel & Heath, Miami, for petitioner.
Robert G. Welcher of Ryskamp, Welcher & Carrier, Miami, Dieter H. Gunther of Carey, Dwyer, Cole, Selwood & Bernard, Fort Lauderdale, for respondent-City of Deerfield Beach.
George B. Pomeroy of Pomeroy, Betts & Wiederhold, Fort Lauderdale, for respondent-Broward Ambulance.
Ellen Mill Gibbs of Gibbs & Itkin, Fleming, O'Bryan & Fleming, Fort Lauderdale, for respondent-North Broward Hospital.
PER CURIAM.
By Petition for Certiorari we are asked to review an interlocutory order of the trial court denying petitioner's motion to strike two affirmative defenses. One defense alleged the defendant's liability, if any, was limited to $50,000 pursuant to Section 768.28, Florida Statutes (1978), while the other defense alleged failure of the plaintiff to present the claim in writing to the Department of Insurance, pursuant to Section 768.28, Florida Statutes (1978).
It is abundantly clear that the error ascribed to the trial court's ruling can be adequately rectified on plenary appeal. As we have repeatedly held, this court will not grant certiorari to consider alleged errors committed in interlocutory orders when an adequate remedy is available by plenary appeal. Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975). See also: Esler v. Gabinet, 369 So.2d 93 (Fla. 4th DCA 1979).
CERTIORARI DENIED.
DOWNEY, C.J., and CROSS and BERANEK, JJ., concur.