MOORE, Judge.
By petition for common law certiorari we are asked to review an interlocutory order of the circuit court denying petitioner’s motion to limit service of pleadings. Petitioner contends that the denial of his motion *173 constitutes a departure from the essential requirements of law that will result in material injury throughout the remainder of the proceedings and for which there is no adequate remedy by appeal after- final judgment. We grant certiorari and quash the order under review.
Petitioner, as tax collector for Palm Beach County, Florida, acting pursuant to the procedure authorized by Section 197.-086, Florida Statutes, 1977, filed a petition in the Circuit Court of Palm Beach County requesting an order ratifying and confirming the issuance of tax warrants. The named defendants were 390 delinquent taxpayers. Because the defendants were • so numerous, petitioner filed a motion pursuant to Fla.R.Civ.P. 1.080(c) to limit service of pleadings by each party to only those parties having an interest in the particular parcel of personal property to which each such pleading applies. The trial court denied the motion.
Petitioner then filed a petition seeking to invoke the certiorari jurisdiction of this Court. Thereafter, this Court issued an order directing respondents to show cause why such relief should not be granted and respondents have failed to file a response.
The statutory procedure authorized by Section 197.086(1) Florida Statutes (1977) expressly provides for the filing of a single petition in the circuit court in which the names and addresses of the delinquent personal property taxpayers are listed. The clerk of the circuit court is then required to notify each of the delinquent taxpayers by certified mail that a petition has been filed. As noted previously, in the instant case there are 390 such taxpayers. It is apparent that each taxpayer is interested only in that portion of the proceedings which directly affects his or her liability and has no interest in the portion of the proceedings which affects only another taxpayer. However, under the present posture, not only is petitioner forced to serve a copy of each pleading on every defendant, but also, each defendant filing a response to the petition would be obligated under the rules of civil procedure to serve a copy of such response (and all other pleadings) on every other party, i. e. every other defendant as well as upon the petitioner. Rule 1.080(c) of the Florida Rules of Civil Procedure is designed to prevent just such an onerous and unnecessary burden. Consequently, we find that the trial court’s denial of petitioner’s motion to limit service of pleadings constituted a departure from the essential requirements of law that would result in material injury throughout the remainder of the proceedings if not remedied.
We recognize that this court has consistently held that it will not grant certiorari to consider alleged errors committed in interlocutory orders when an adequate remedy is available by appeal after final judgment. Scheuer v. Wille, 370 So.2d 1166 (Fla. 4th DCA 1979); Lynch v. City of Deerfield Beach, 369 So.2d 1042 (Fla. 4th DCA 1979); Professional Medical Specialties, Inc. v. Renfroe, 362 So.2d 397 (Fla. 4th DCA 1978); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976). However, if petitioner in the instant cause is forced to serve a copy of each pleading upon all 390 defendants, the harm will have been done and an appeal after final judgment would serve no useful purpose. Therefore, petitioner does not have an adequate remedy on plenary appeal.
Accordingly, certiorari is granted, the order under review is quashed and the cause remanded to the circuit court for entry of an order reasonably limiting service of pleadings pursuant to Fla.R.Civ.P. 1.080(c).
DOWNEY, C. J., and BERANEK, J., concur.