423 So.2d 586 (1982)
PERIMETER INVESTMENTS, INC.; and E. Lamar Bailey, Appellants,
v.
AMERIFIRST DEVELOPMENT COMPANY OF CENTRAL FLORIDA, INC., Appellee.
ELBA, INC., Appellant,
v.
AMERIFIRST DEVELOPMENT COMPANY OF CENTRAL FLORIDA, INC., Appellee.
Nos. AL-478, AL-479, AL-480 and AL-481.
District Court of Appeal of Florida, First District.
December 20, 1982.
*587 L. Ralph Smith, Jr., of Dearing & Smith, Tallahassee, for appellants.
H. Richards Bates, of Anderson & Rush, Orlando, for appellee.
WIGGINTON, Judge.
The appellants, defendants in two mortgage foreclosure actions below, claim that Amerifirst, the plaintiff, has continued to prosecute the lawsuits in violation of the parties' settlement agreement. In four orders, trial judges in Leon and Bay counties have denied the defendants' motions for leave to file a counterclaim which sought specific performance of the settlement agreement, and they have denied the defendants' motions for temporary injunctions designed to prevent Amerifirst from proceeding with the action. In these consolidated appeals, the defendants challenge the four orders.
Preliminarily, we dismiss the appeals regarding the counterclaims. Our jurisdiction to consider non-final orders is specifically limited by court rule. See Fla.R. App.P. 9.130(a)(3). The judges' orders in this regard are susceptible of review on direct appeal from final judgment. See generally, Summerlin v. Epps, 340 So.2d 1228 (Fla. 4th DCA 1976) and authorities cited therein.
We do have jurisdiction, however, to consider the interlocutory orders denying the injunctions. Fla.R.App.P. 9.130(a)(3)(B). We affirm the orders denying injunctive relief because the appellants failed to establish that a wrong has been done or will be done. See Marston v. Gainesville Sun Publishing Company, 314 So.2d 257 (Fla. 1st DCA 1975).
The dispositive hornbook issue is whether the Statute of Frauds, Section 725.01, Florida Statutes (1981),[1] applies to litigation settlement agreements. We hold that it does, finding no legislative enactment, court rule or decisional authority that specifically exempts settlement agreements from its purview.
It is not materially disputed that the settlement agreement was oral and that it included among its terms the transfer of property from defendants to plaintiff. By operation of Section 725.01, the agreement was unenforceable. Therefore the bare showing that the bank may have reneged on the settlement cannot, without more, be grounds for an injunction.
The defendants assert that because Florida Rule of Civil Procedure 1.030(d) permits settlement agreements to be oral, the Statute of Frauds is inapplicable. The defendants also contend that the statute should not apply because the agreement was not a contract for the "sale" of land, as contemplated by the statute. We must reject both arguments.
First, assuming for the moment that the Statute of Frauds could be abrogated by court rule, Florida Rule of Civil Procedure 1.030(d) neither addresses nor affects the *588 statute. The rule and the statute are not inconsistent; to the contrary, they act hand in glove to simplify the settlement process while protecting the parties' rights when the subject of such an agreement is the transfer of land.
We find the defendants' second argument, that the Statute of Frauds applies only to "sales," to be meritless. See, e.g., Green v. Price, 63 So.2d 337 (Fla. 1953).
Accordingly, the orders denying injunctive relief are affirmed. The appeals regarding the counterclaims are dismissed without prejudice to the appellants' raising the issue on direct appeal.
SHAW and JOANOS, JJ., concur.
NOTES
[1] "No action shall be brought ... to charge any person ... upon any contract for the sale of lands, tenements or hereditaments ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged ..."