492 So.2d 425 (1986)
Jean Parker LA ROSA, Appellant,
v.
Alan C. FORTIER, Appellee.
No. 85-380.
District Court of Appeal of Florida, Fourth District.
July 23, 1986.
*426 Thomas E. Brandt of Law Offices of Thomas E. Brandt, Fort Lauderdale, for appellant.
No appearance on behalf of appellee.
HERSEY, Chief Judge.
Appealed is the lower court's order directing appellant, La Rosa, to transfer her interest in a jointly owned automobile to appellee, Fortier, in exchange for payment by Fortier of $1,000. We reverse.
La Rosa and Fortier formerly lived together, during which time they acquired a 1979 Toyota automobile in their joint names. Upon their separation the trial court ordered, pursuant to the parties' agreement, that Fortier would pay La Rosa one-half of the value of the automobile as determined by the automobile trade journals as of a specified date. It was stipulated that the value of La Rosa's half-interest was $2,912.50.
La Rosa subsequently moved for enforcement of the final judgment's provisions regarding the automobile, at which time Fortier and his former counsel asserted that La Rosa had orally agreed to accept $1,000 in exchange for her interest in the Toyota. La Rosa denied any such agreement. The trial court upheld the oral agreement and entered judgment accordingly.
We conclude that the parties' oral agreement to modify the terms of the prior final judgment violates the applicable statute of frauds and is therefore unenforceable. Section 672.201(1), Florida Statutes (1983), provides in relevant part that:
[A] contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.
Sale of a part-interest in goods is considered a sale of goods, section 672.105(3), Florida Statutes (1983), and it is undisputed that the price of La Rosa's interest in the automobile exceeds $500. Further, section 672.201 is applicable to an agreement modifying a contract, as well as to the original contract. See § 672.209(3), Fla. Stat. (1983).
The final matter for our consideration is whether the statute of frauds is rendered inapplicable because the oral modification was in the nature of a settlement agreement. In Perimeter Investments, Inc. v. AmeriFirst Development Co., 423 So.2d 586 (Fla. 1st DCA 1982), the statute of frauds regarding sales of real property was held applicable to a settlement agreement involving the transfer of an interest in land. We see no reason to apply a different rule to sales of goods. Therefore, we hold that characterization of the oral agreement of La Rosa and Fortier as a "settlement agreement" does not abrogate the requirement of compliance with the applicable statute of frauds.
Accordingly, we reverse the trial court's order directing transfer of La Rosa's interest in the parties' automobile to Fortier in exchange for payment by Fortier of $1,000, and remand with directions to the trial court to enter an order providing for payment to La Rosa by Fortier of $2,912.50, plus interest from the date of the final judgment.
REVERSED and REMANDED with directions.
DOWNEY and GUNTHER, JJ., concur.