573 So.2d 993 (1991)
VENUS LABORATORIES, INC., a Foreign Corporation, and E. Van Vlahakis, Individually, Petitioners,
v.
Fred KATZ and Adele Katz, His Wife, Respondents.
No. 90-1528.
District Court of Appeal of Florida, Third District.
January 29, 1991.
*994 Stuart I. Levin, Miami, for petitioners.
Laurel W. Marc-Charles, Miami, for respondents.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.

ON REHEARING EN BANC
JORGENSON, Judge.
Venus Laboratories, Inc. and E. Van Vlahakis petition for certiorari review of a nonfinal order denying their motion to amend their answer to include a compulsory counterclaim. Because the interlocutory order is reviewable on plenary appeal, we deny the petition for certiorari review.[1]
We recede from our decision in Romish v. Albo, 291 So.2d 24 (Fla. 3d DCA 1974), and join our sister courts to hold that certiorari is not available to review an interlocutory order denying a motion to file an amended answer/counterclaim. Sciabbarrasi v. Uddo, 466 So.2d 19 (Fla. 5th DCA 1985); Summerlin v. Epps, 340 So.2d 1228 (Fla. 4th DCA 1976).
"Certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders."[2]Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla. 1987). Certiorari will lie only in limited circumstances where the nonfinal order departs from the essential requirements of the law and causes material injury to the petitioner throughout the remainder of the proceedings. Id. at 1099. Although the trial court's order may depart from the essential requirements of the law, it does not cause material injury to the petitioners throughout the remainder of the proceedings or leave petitioners without an adequate remedy on appeal. Accordingly, an appeal after final judgment is an adequate remedy for the order denying leave to amend. Hawaiian Inn of Daytona Beach, Inc. v. Snead Const. Corp., 393 So.2d 1201 (Fla. 5th DCA 1981); Summerlin v. Epps, 340 So.2d 1228 (Fla. 4th DCA 1976). If reversible error is established on plenary appeal, petitioners would be entitled to litigate their proposed counterclaim. Epps, 340 So.2d at 1228.
For the foregoing reasons, the petition for certiorari is DENIED.
NOTES
[1] On its own motion, the court considered this case en banc for the express purpose of receding from Romish v. Albo, 291 So.2d 24 (Fla. 3d DCA 1974).
[2] Orders denying leave to amend are not included within this rule. See Fla.R.App.P. 9.130(a)(3).