MORROW, R. O., Associate Judge.
Appellant-defendant brings a timely interlocutory appeal from an order denying appellant’s motion to dismiss, for want of jurisdiction, appellee’s fourth amended complaint.
Appellee sought to obtain a judgment against the appellant for $4,944 for installation of air conditioning equipment pursuant to a contract with appellant, Seminole Tribe of Florida, Inc. Appellee points out that this contract was accepted by appellant’s president and approved by the Superintendent of The Seminole Indian Agency.
Lack of jurisdiction is properly raised by a Motion to Dismiss (Rule 1.11(b), Fla.R.C.P., 30 F.S.A.). Capacity of a party to sue or be sued shall be raised by a specific negative averment (Rule 1.9(a), Fla.R.C. P.). These two rules are related, in that the rule on “capacity” provides that it is not necessary to aver capacity except to the extent required to show the jurisdiction of the Court. The appellee’s Fourth Amended Complaint brings suit against certain defendants, “* * * and Seminole Tribe of Florida, Inc., hereinafter called ‘owner,’ is a corporation of the United States, having their principal offices and place of business in Broward County, Florida; * *
The only question raised by this appeal is whether the trial Court has jurisdiction over the appellant in accordance with said Rule 1.9(a).
The above description, as set forth in the Complaint, shows the Appellant to be a legal entity, to-wit: the Seminole Tribe of Florida, Inc., a United States corporation, having their principal offices and place of business in Broward County, Florida. This shows apparent jurisdiction in the trial Court of the Appellant. Any question as to the capacity of the Appellant corporation to be sued must be raised by a specific negative averment of the Appellant.
In support of the Court’s apparent jurisdiction is the following authority:
Section 82a, Title 25, U. S. Code:
“Contracts involving the payment or expenditure of any money or affecting any property belonging to the Choctaw, Chickasaw, Cherokee, Creek, or Seminole Tribes of Indians, including contracts for professional legal services,, may be made by said tribes, with the approval of the Secretary of the Interior,, or his authorized representative, under such rules and regulations as the Secretary of the Interior may prescribe: Provided, That the provisions of this section shall not apply to contracts for professional-legal services involving the prosecution of claims against the United States.”
Section 477, Title 25, U. S. Code:
“The Secretary of the Interior may, upon petition by at least one-third of the adult Indians, issue a charter of incorporation to such tribe: provided, That such charter shall not become operative until ratified at a special election by a majority vote of the adult Indians living on the reservation. Such charter may convey to the incorporated tribe the power to purchase, take by gift, or bequest, or otherwise, own, hold, manage, operate, and dispose of property of every description, real and personal, including the power to purchase restricted Indian lands and to issue in exchange therefor interests in corporate property, and such further powers as may be incidental to the conduct of corporate business, not inconsistent with law, but no authority shall' be granted to sell, mortgage, or lease for a period exceeding ten years any of the land included in the limits of the reservation. Any charter so issued shall not be revoked or surrendered except by Act of Congress.”
The trial court was eminently correct in denying the Appellant’s Motion to Dismiss *571 under said Rule 1.9(a) for lack of jurisdiction.
The Order appealed is affirmed.
Affirmed.
SHANNON, Acting C. J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.