BERANEK, Judge.
This petition for common law certiorari by the defendant/insurance company seeks to review an order of the trial court refusing to strike Count II of a second amended complaint. This count alleges a cause of action against the insurance company defendant for compensatory damages for the infliction of mental distress and for punitive damages. Count I of the complaint alleges a cause of action for breach of an insurance contract. Count II appears to be based solely on breach of contract alleged in Count I. We decline to issue a writ of certiorari because we find that the defendant will have full and adequate remedy by appeal after final judgment if such becomes necessary. Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975), and Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975).
In denying certiorari we do not reach the merits and therefore do not determine whether Count II does state a cause of action for infliction of mental distress and for punitive damages.
The defendant argues that the trial court’s order refusing to dismiss the count for mental distress and punitive damages will cause injury for which a remedy by appeal will be inadequate. This argument is based on a spill-over theory. Defendant reasons that evidence of mental anguish and defendant’s net worth which may be proper under Count II will influence the jury under Count I. If such a demonstration can be made, it can be remedied by appeal after final judgment rather than based on a rather abstract argument that such harm may occur. We therefore conclude that certiorari jurisdiction has not been demonstrated.
CERTIORARI DENIED.
CROSS and DAUKSCH, JJ., concur.