417 So.2d 323 (1982)
PALM BEACH NEWSPAPERS, INC., a Florida Corporation, Daniel J. Mahoney, Jr., Thomas A. Kelly and Gary Blankenship, Jointly and Severally, Petitioners,
v.
Joe I. PARKER, Respondent.
No. 82-291.
District Court of Appeal of Florida, Fourth District.
July 28, 1982.
Talbot D'Alemberte and Thomas R. Julin of Steel, Hector & Davis, Miami, and Florence Beth Snyder, West Palm Beach, for petitioners.
Thomas A. Burford of Burford and Still, P.A., West Palm Beach, for respondent.
PER CURIAM.
By petition for certiorari, Palm Beach Newspapers, Inc., asks this court to review the trial judge's denial of its motion for summary judgment in a libel suit.
Petitioner must demonstrate both a departure from the essential requirements of law, and the lack of an adequate remedy by appeal. We conclude the trial court did not depart from the essential requirements of law by denying summary judgment and that petitioner has failed to demonstrate the lack of an adequate remedy by appeal. Gadsden County Times, Inc. v. Horne, 382 So.2d 347 (Fla. 1st DCA 1980). We deny certiorari.
Petitioner points out that since Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the Florida Supreme Court has not announced the standard of fault applicable to a media defendant in a libel suit brought by a private individual. Petitioner contends that because no clear law exists to govern the case sub judice that we should announce a standard of fault. The trial court, at petitioner's request, certified this question to us.
*324 Florida Rule of Appellate Procedure 4.6 (1962) and its predecessors provided for certification by a trial court to "the Court" of a question of law determinative of the cause and without controlling precedent in this state. After the creation of the District Courts of Appeal, this rule was interpreted to permit certification by the trial courts to the District Courts. The 1977 revision of the Florida Rules of Appellate Procedure, as amended in 1980, provides for discretionary jurisdiction in the Supreme Court to pass upon questions certified by the District Courts. Fla.R.App.P. 9.030(a)(2). No similar provision appears in Rule 9.030(b) governing the jurisdiction of the District Courts of Appeal. We conclude that subject matter jurisdiction to answer certified questions does not exist in this court under the present rules, and decline to answer the question.
PETITION FOR WRIT OF CERTIORARI DENIED.
BERANEK, HURLEY and DELL, JJ., concur.