420 So.2d 398 (1982)
Theodore S. KEEHN and First Realty Equity Investment Corporation, Appellants,
v.
JOSEPH C. MACKEY AND COMPANY, Appellee.
No. 81-1762.
District Court of Appeal of Florida, Fourth District.
October 13, 1982.
*399 Dewey A.F. Ries, Fort Lauderdale, for appellants.
Michael M. Westerman of Goodman, Pleeter & Webber, Hollywood, for appellee.
GLICKSTEIN, Judge.
In 1977 appellee brought an action on a note in circuit court against appellants. In December, 1979, the Secretary of State issued to appellee a certificate of involuntary dissolution for failure to file its annual report or pay the filing fee therefor. On July 16, 1981, appellants moved to dismiss appellee's complaint alleging appellee was no longer a viable corporation because it had been issued the foregoing certificate; plainly this was an attack on appellee's capacity to sue.[1] Ultimately appellants' *400 motion was unsuccessful and prompted this appeal which appellees, asserting absence of jurisdiction, have moved to dismiss.
We agree with appellee; this appeal cannot be considered reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), which permits an appeal of a non-final order determining jurisdiction over the person, because it involves a non-final order on the capacity to sue. See National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, Inc., 417 So.2d 655, 657 (Fla. 1982) (the supreme court said: "[I]nterlocutory orders relating to the right of plaintiffs to maintain an action generally do not determine the court's jurisdiction over the plaintiffs." Id.).
Nor is there an appropriate underlying basis on which to consider this appeal as a petition for writ of certiorari authorized by Florida Rule of Appellate Procedure 9.040(c). While that rule imposes upon this court the requirement of treating the cause as if the proper rather than improper remedy had been sought, we do not feel constrained to do so in the absence of all the conditions stated in State ex rel. Bludworth v. Kapner, 394 So.2d 541, 542 (Fla. 4th DCA 1981):
Certiorari is a discretionary common law writ which, in the absence of an adequate remedy by appeal, a court may issue to review an order or judgment that is unauthorized or violates the essential requirements of controlling law. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942).
In the present case these conditions do not exist; therefore we dismiss the appeal. However, we perceive a legislative gap which warrants attention and which we address with the understanding that our lack of jurisdiction limits us to discussion only. Nothing in section 607.297, Florida Statutes (1981) expressly resolves a situation like the present one where an action is pending at the time of dissolution rather than being brought thereafter.[2] Only by concluding the Legislature must have intended the continuation of actions pending on behalf and in the name of a corporation when it is involuntarily dissolved by the Secretary of State, do we agree with appellee that the foregoing statute was the proper dispositive basis for denial of appellants' motion to dismiss. Unlike the present version of the statute, its predecessor, section 608.30(3), Florida Statutes (1973), bridged the gap by saying that the trustees of a dissolved corporation
shall have power to prosecute and defend, as trustees of the corporation, all suits in progress at the time of dissolution or expiration or thereafter arising as may be necessary for closing the affairs of the corporation... .
We believe the gap in the present statute is simply the result of oversight, not design. Section 607.301, Florida Statutes (1981), which spells out the duties and responsibilities of those acting as trustees for a dissolved corporation, does not provide for bringing or defending actions. Were the legislative gap not filled, there would be no authority for continuing actions pending by or against corporations subsequently dissolved involuntarily by the Secretary of *401 State. Such anomaly plainly was not intended by the Legislature. However, because we must dismiss this appeal because of the lack of this court's jurisdiction, we are limited to discussion of this subject and are precluded from any holding in regard thereto.
APPEAL DISMISSED.
HURLEY and DELL, JJ., concur.
NOTES
[1] "Capacity to sue" is an absence of legal disability which would deprive a party of the right to come into court. 59 Am.Jur.2d Parties § 31 (1971). This is in contrast to "standing" which requires an entity have sufficient interest in the outcome of litigation to warrant the court's consideration of its position. Argonaut Ins. Co. v. Commercial Standard Ins. Co., 380 So.2d 1066 (Fla. 2d DCA), pet. for rev. denied, 389 So.2d 1108 (Fla. 1980). Appellants also argued in their motion to dismiss that it was impossible for appellee to re-incorporate since one of the appellants controlled the appellee's corporate "name." While this appears to be another apparent attack on appellee's capacity to sue, this point is not argued on appeal.

Florida Rule of Civil Procedure 1.120(a) provides:
Capacity. It is not necessary to aver the capacity of a party to sue or to be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
This court said in Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463, 466 (Fla. 4th DCA 1975), cert. denied, 327 So.2d 31 (Fla. 1976):
The "specific negative averment" referred to in Rule 1.120 may be reflected in a responsive pleading (answer) or presumably in what might be described as a "speaking motion" whether denominated as a motion to dismiss, a motion to drop improperly joined parties, or a motion to strike.
The Second District Court of Appeal held, in a case in which the defect did not appear on the face of the complaint, that appellant's motion to dismiss was insufficient as a specific negative averment. Seminole Tribe of Florida, Inc. v. Courson, 183 So.2d 569 (Fla. 2d DCA 1966).
A complaint's facial defect can be attacked appropriately for lack of capacity to sue pursuant to Federal Rule of Civil Procedure 9(a) (upon which Florida Rule 1.120(a) was patterned identically) by a motion to dismiss which can be justified under Federal Rule of Civil Procedure 12(b)(6), i.e., failure to state a claim upon which relief can be granted. Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir.1965). See also 2A J. Moore & J. Lucas, Moore's Federal Practice ¶¶ 12.07-.08 (2d ed. 1982), and 5 C. Wright & A. Miller, Federal Practice and Procedure §§ 1292-1295, 1360 (1969 & Supp. 1981).
[2] Section 607.297 provides:

Survival of remedy after dissolution.  The dissolution of a corporation either:
(1) By the issuance of a certificate of dissolution by the Department of State;
(2) By a decree of court; or
(3) By expiration of its period of duration shall not take away or impair any remedy available to or against such corporation or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of 3 years so as to extend its period of duration.
(Emphasis supplied.)