436 So.2d 444 (1983)
Stanley J. HARTE, Individually, Petitioner,
v.
PALM BEACH BILTMORE CONDOMINIUM ASSOCIATION, INC., a Florida Not-for-Profit Corporation, Respondent.
No. 83-1430.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
*445 Stephen J. Cohen of Conrad, Scherer & James, P.A., Fort Lauderdale, for petitioner.
Richard B. Warren of Gunster, Yoakley, Criser & Stewart, P.A., Palm Beach, for respondent.
PER CURIAM.
This is a petition for common law certiorari. We deny the petition on jurisdictional grounds. Petitioner/defendant was sued in a five-count complaint alleging construction defects in a condominium building. Petitioner moved for summary judgment on Count V only. The motion for summary judgment was based on the recent case of Olympian West Condominium Association, Inc. v. Kramer, 427 So.2d 1039 (Fla. 3d DCA 1983). The trial court denied the motion for summary judgment, and petitioner seeks review of this order by certiorari.
Even if petitioner is correct in contending that error occurred, there is an obvious adequate remedy by appeal if judgment is eventually entered against him on Count V. As this court has repeatedly held, under such circumstances a petitioner must demonstrate both a departure from the essential requirements of law and lack of an adequate remedy by appeal after judgment. See Chalfonte Development Corporation v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979), and Palm Beach Newspapers, Inc. v. Parker, 417 So.2d 323 (Fla. 4th DCA 1982). The order in question is not a permitted interlocutory appeal and is not a proper matter for certiorari. See Combs v. State, 436 So.2d 93 (Fla. 1983). Therein, the Supreme Court stated:
A district court may refuse to grant a petition for common law certiorari even though there may have been a departure from the essential requirements of law.
Although the Combs decision relates to review of circuit court appellate decisions, the rationale is appropriate here. We will not review the denial of a defendant's motion for summary judgment as to a single count absent a demonstration of both a departure from established law and the lack of an adequate remedy by appeal. As we have so often held, the necessity of proceeding with a trial is not a sufficient ground to invoke certiorari. If it were, then the denial of every motion to dismiss and the denial of every motion for summary judgment would automatically provoke immediate appellate review by every defendant. In almost every case, trial judges make preliminary rulings on matters of law in defining the issues presented by the parties. The overall structure of the appellate system in this state does not countenance piecemeal review as to each of those rulings. Absent a demonstration of the elements necessary for common law certiorari, we will presume the trial court to be correct in the preliminary stages of the litigation and defer ruling until such time as a final appealable judgment has been rendered in the matter. Obviously, the petitioner/defendant may not have judgment rendered against him on Count V, and an appeal on this issue may never be necessary. The fact that other counts remain pending as to this defendant also militates against consideration of the matter at this time.
*446 The only authority cited by petitioner in support of this court's jurisdiction is Keehn v. Mackey, 420 So.2d 398 (Fla. 4th DCA 1982). This case is no comfort to petitioner. Keehn specifically held that in a situation where this court denies common law certiorari, it is precluded from ruling on the merits. We caution that our present denial of certiorari does not constitute any indication whatsoever as to how we would dispose of the matter if it is ever presented on appeal from judgment.
Certiorari is thus denied on jurisdictional grounds and the matter shall proceed below.
CERTIORARI DENIED.
BERANEK, HURLEY and DELL, JJ., concur.