HERSEY, Judge.
This petition for writ of certiorari seeks review of an order denying a motion to amend the complaint. Petitioner sought to foreclose a mortgage. Respondents in their answer disclosed an underlying agree *188 ment between the parties not referred to in the complaint. The parties apparently are in accord that in the absence of a breach of this underlying agreement petitioner would not be entitled to foreclose. The motion to amend the complaint to allege such a breach came at a time when the litigation was in a state of indefinite continuance.
We have held on numerous occasions that in order to invoke certiorari, petitioner must demonstrate that the order at issue is a departure from the essential requirements of law producing a result for which there is no adequate remedy on appeal. E.g., Keehn v. Joseph C. Mackey and Co., 420 So.2d 398 (Fla. 4th DCA 1982). That the petitioner “will have gone through a trial under the burden of the order complained of, incur substantial expenses for experts, etc., and because resolution of the issue now on appeal might preclude the necessity of a second trial,” is an insufficient basis for obtaining a writ of certiorari to review an interlocutory order. Siegel v. Abramowitz, 309 So.2d 234, 235 (Fla. 4th DCA 1975).
The petition for writ of certiorari is denied.
LETTS and BARKETT, JJ., concur.