488 So.2d 574 (1986)
Mark H. FELDMAN, Appellant,
v.
Stephen GLUCROFT, M.D., Joel B. Dennis, M.D., Lloyd A. Moriber, M.D., Melvyn G. Drucker, M.D., Kenneth Hodor, M.D., Hugh Unger, M.D. and Orthopedic Associates, P.A., Appellees.
No. 85-1262.
District Court of Appeal of Florida, Third District.
April 29, 1986.
Rehearing Denied June 9, 1986.
Mark H. Feldman, in pro. per.
Paul & Burt and Dan Paul and Steven M. Kamp, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The appellant is a podiatrist whose privileges to perform certain procedures at Parkway General Hospital were revoked. He brought the instant action against several medical doctors, claiming, insofar as is now relevant,[1] that they had defamed him in the course of the proceedings conducted concerning his case by the appropriate hospital medical review committees. We *575 agree with the trial court's entry of summary judgment for the defendants on the ground that no such action may be maintained under section 768.40(4), Florida Statutes (1983) (formerly section 768.131(4)), as interpreted in Holly v. Auld, 450 So.2d 217 (Fla. 1984). It is true that Holly and Parkway General Hospital, Inc. v. Allinson, 453 So.2d 123 (Fla. 3d DCA 1984), are, strictly speaking, only discovery cases, and do not treat the present situation of the plaintiff's total inability to establish a claim by virtue of the fact that the very subject matter of the alleged defamation is barred under the terms of the statute from "introduction into evidence." Nevertheless, we think it clear from the Holly case, particularly when read in the light of Justice Shaw's dissenting opinion  which does directly treat the point  that the language of the statute creates an absolute privilege and means that any existing defamation action has been totally abolished.
Nor do we agree with Dr. Feldman that, as so interpreted, the statute unconstitutionally denies access to the courts as provided by Article I, Section 21, Florida Constitution.[2] The public policy consideration expounded in Holly and the statute itself, see also Dade County Medical Association v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979), provide ample basis upon which the legislature could validly have eliminated the action. See Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985); Rotwein v. Gersten, 160 Fla. 736, 36 So.2d 419 (1948).
Because of the importance and novelty of the precise issues presented, we certify to the supreme court that this decision passes upon the following questions of great public importance:
(1) Does section 768.40(4) totally abolish a defamation claim arising in proceedings before medical review committees?
(2) If so, is section 768.40(4) invalid as in conflict with Article I, section 21, Florida Constitution?
Affirmed, questions certified.
NOTES
[1] A 42 U.S.C. § 1983 claim asserted in a separate count has been abandoned. See Hull v. Board of Comm'rs of Halifax Hosp. Medical Center, 453 So.2d 519 (Fla. 5th DCA 1984).
[2] We find the appellant's separate equal protection claim totally unconvincing.