493 So.2d 551 (1986)
NATIONAL BEVERAGE SUPPLIERS, INC., a/K/a Esquire Screen Printing, Inc., a Florida Corporation, and William Roberson, Petitioners,
v.
ESQUIRE PRODUCTS OF FLORIDA, INC., a Florida Corporation, and Gerald Nicholas Kalen, Sr., Respondents.
No. 4-86-0077.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*552 Milton Philip Shafran of Shafran & Martin, Fort Lauderdale, for petitioners.
Gerald L. Knight of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for respondents.
WALDEN, Judge.
This is a petition for common law certiorari. It seeks to quash an order of protection, which order had the effect of limiting discovery.
Only assuming and not deciding that the order may be erroneous,[1] it is our opinion that petitioner will have a full and adequate remedy in the form of a plenary appeal following final judgment, if then needed. We deny the petition upon authority of Esman v. Board of Regents of the State of Florida, 425 So.2d 156 (Fla. 1st DCA 1983), and United Services Automobile Association v. Byrd, 370 So.2d 1247 (Fla. 4th DCA 1979).
DENIED.
DOWNEY, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.

I dwell in Elysium amid the sweet assemblies of the blest.
 Virgil's Aeneid

The majority has opted to reject this writer's explanation for declining to exercise jurisdiction, preferring to issue a pro forma denial. The author of the majority opinion here, joined by another panelist, exercised the same option in Capricorn Marble Company v. George Hyman Construction Company, 462 So.2d 1208 (Fla. 4th DCA 1985), compelling the writer to explain by concurrence there.
Relying on the majority opinion in Capricorn, which, in turn, cited 13 Fla.Jur.2d Courts and Judges §§ 22-31 as authority, the majority here, in its footnote, effectively extends to dicta this writer's opinion in Keehn v. Joseph C. Mackey and Company, 420 So.2d 398 (Fla. 4th DCA 1982), which is explained in Harte v. Palm Beach Biltmore Condominium Association, 436 So.2d 444, 446 (Fla. 4th DCA 1983). The majority is, of course, free to do this. Likewise I may  and here feel impelled to  express my perception of an appellate judge's responsibility in certiorari cases, and my reason for concluding that jurisdiction should be declined in the present case. How will this opinion enlighten bench and bar if we hide our reasons for refusing jurisdiction under a bushel? By doing so, may we not be generating numerous useless petitions for certiorari? And may we not be unnecessarily causing panels that consider future petitions to reinvent the same wheel?
This writer said in Keehn v. Joseph C. Mackey and Company, perhaps not in so many words, that in a case where this court denies certiorari the court may not rule on the merits. Cf. Harte, 436 So.2d at 446. In Combs v. State, 436 So.2d 93 (Fla. 1983), then Justice Boyd foreshadowed the content of Chief Justice Boyd's later concurrence in Jones v. State, 477 So.2d 566 (Fla. 1985). The Combs opinion declares that a departure from the essential requirements of law should not be construed to apply only to violations that effectively deny appellate review or that pertain to the regularity of procedure. Id. 436 So.2d at 95. It indicates that it is not mere legal error but serious error that may constitute a departure from the essential requirements *553 of law. Id. The paragraph in which these propositions appear closes with the sentence, "The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. at 96.
In Harte, this court, citing Combs, explained why the condition required for granting certiorari had not been met. To explore the basis for concluding that there has not been a departure from the essential requirements of law need not equate with ruling on the merits, as my learned colleague's footnote suggests.
In my view, the error about which petitioner complains does not rise to the level required by Combs, notwithstanding that another trial judge, rather than issuing a blanket, form order which denied each and every item requested by petitioner of the individual and corporate defendant, might well have granted discovery as to some of the paragraphs of the two separate requests, modified others and denied others. Whether the trial judge's decision was error, or harmful error, will remain for another day should plenary appeal be necessary.
Historically we have considered the improper compelling of discovery as a departure from the essential requirements of law for which there would be no adequate remedy by appeal. In such instances, we not only grant certiorari, we also explain to the parties our reason for concluding as we have. E.g., Everglades Protective Syndicate, Inc. v. McKinney, 391 So.2d 262 (Fla. 4th DCA 1980). In West Stuart Acreage, Inc. v. Hannett, 427 So.2d 323 (Fla. 4th DCA 1983), the writer for the majority in the present case concurred in an opinion that contained an explanation of why the order sought to be appealed from was wrong; an explanation of why the attempted appeal had to be treated as a petition for writ of certiorari, and, finally, a denial of the petition together with the reason therefor. Obviously, there is no logical reason to prevent our explaining our reasons why we do not find a departure from the essential requirements of law.
Although in Keehn this writer identified matters upon which the court may not rule, hopefully he has never suggested that a judge of this court, or group of judges, could not speak upon a subject in a way that would not prejudice the rights of a party in some future appeal.
In this case, the petitioner was deprived of discovery, not compelled to reveal. In such instances, this court has been more reluctant to accept jurisdiction and grant certiorari.
I assume the parties will understand the foregoing to be an explanation for the writer's conclusion that the Combs test has not been met, not a discussion "on the merits" which the majority's footnote discusses with apprehension. There is one final thought for the parties; namely, as the writer did in Capricorn Marble Co. v. George Hyman Construction Co., 462 So.2d 1208 (Fla. 4th DCA 1985), and in the present case, I desire to discuss thoroughly, in these certiorari matters, when the occasion warrants it, my explanation for the conclusion, as here, that petitioner has failed to show that the non-final order does not conform with the essential requirements of law and may reasonably cause material injury through the subsequent proceedings for which the remedy by appeal will be inadequate.
By my so explaining it, in my view, the parties will understand the reasons for my decision, albeit one will disagree with the result.
NOTES
[1] We decline to create an anomaly by, on the one hand, declining to exercise jurisdiction and, on the other hand, attempting to decide or discuss the merits of the order of protection with dicta. In our opinion such would be inappropriate. See Capricorn Marble Co. v. George Hyman Construction Co., 462 So.2d 1208 (Fla. 4th DCA 1985).