553 So.2d 282 (1989)
Mark H. FELDMAN, D.P.M., Petitioner,
v.
Stephen GLUCROFT, M.D., et al., Respondents.
No. 89-494.
District Court of Appeal of Florida, Third District.
November 28, 1989.
*283 Mark H. Feldman, in pro. per.
Tew, Jorden, Schulte & Beasley and Dan Paul and Steven M. Katzman, James G. Gilmour, Miami, for respondents.
Charles C. Powers, Fort Lauderdale, for the Academy of Florida Trial Lawyers as amicus curiae.
Robert A. Butterworth and Walter M. Meginniss, Tallahassee, for the State of Florida as amicus curiae.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
This is a petition for common law certiorari. We deny the petition on jurisdictional grounds.
Petitioner Feldman brought a defamation action against members of a medical review committee. The circuit court granted the defendants' motion for summary judgment and the podiatrist appealed. This court affirmed, holding that a defamation action could not be maintained against medical review committee members and the hospital they serve due to the privilege established by section 768.40(4), Florida Statutes (1983). See Feldman v. Glucroft, 488 So.2d 574 (Fla. 3d DCA 1986). This court certified the question and the supreme court, in Feldman v. Glucroft, 522 So.2d 798 (Fla. 1988), held that a defamation claim arising under that statute is not totally abolished since a plaintiff may proceed with such an action if he or she can establish extrinsic evidence of malice or fraud. Based upon that holding, the supreme court vacated the summary judgment issued in favor of the committee members and permitted Feldman to amend his complaint to allege extrinsic malice or fraud.
Thereafter, through an amended complaint, Feldman added new causes of action and new defendants to his claim. In response, the trial court required a bond to be posted by the plaintiff as to the new counts alleged. See §§ 395.0115(5); 768.40(6), Fla. Stat. (1987). When this bond was not posted, the trial court dismissed these new counts. Plaintiff petitions this court for certiorari review claiming, in part, that because the cause of action accrued before enactment of the statutory bond requirement, that statute cannot be retroactively applied to his cause regardless of the new defendants and the new claims made. See Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985).
Because we deny the petition on jurisdictional grounds, we cannot reach the merits of petitioner's argument. Keehn v. Joseph C. Mackey & Co., 420 So.2d 398 (Fla. 4th DCA 1982). A district court is not authorized to review an order partially settling pleadings by way of plenary appeal unless the motion to dismiss or strike is granted with respect to a separate and distinct controversy. Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974). In the case at hand, the claims dismissed did not represent distinct controversies and therefore must await disposition of the entire controversy.
The orders of dismissal, sought to be reviewed, do not affect Count III (defamation claim) and that cause of action *284 remains pending in the trial court for disposition.
Neither may the district courts entertain a petition for a writ of common law certiorari to review an order partially settling a pleading  as is the situation in the present case. Even if petitioner is correct in contending that error occurred, there is an obvious, adequate remedy by appeal after judgment is entered on Count III, the remaining viable count of petitioner's complaint. A petitioner for common law certiorari must demonstrate both a departure from the essential requirements of law and the lack of an adequate remedy by appeal after judgment. See Harte v. Palm Beach Biltmore Condominium Ass'n, Inc., 436 So.2d 444 (Fla. 4th DCA 1983); Chalfonte Dev. Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979). The order in question is not a permitted interlocutory appeal and is not a proper matter for certiorari.
Accordingly, certiorari is denied on jurisdictional grounds and the matter shall proceed below.