599 So.2d 196 (1992)
Rosa RUIZ, etc., Petitioner,
v.
Leonard STEINER, M.D., et al., Respondents.
No. 92-136.
District Court of Appeal of Florida, Third District.
May 5, 1992.
*197 Karen J. Haas, Spence Payne Masington & Needle and Janice Gallagher, Miami, for petitioner.
George V. Lanza, Coral Gables and Armando Cortina, Miami, for respondent Ricardo Garcia-Rivera, M.D.
James C. Blecke, Miami, Benito H. Diaz, Coral Gables, Burt E. Redlus, Miami, for respondents Leonard Steiner, M.D., Sheldon Munach, M.D., and Steiner, Munach, Gurvitch & Capati, M.D., P.A.
Hicks, Anderson & Blum, Miami, and Alyssa M. Reiter, Fort Lauderdale, for respondent Alejandro M. Hernandez-Cano, M.D.
Parenti, Falk & Waas, Miami, for respondent Doctor's Hosp. of South Miami, Ltd. d/b/a Larkin General Hosp.
Before NESBITT, JORGENSON and LEVY, JJ.
LEVY, Judge.
By petition for writ of certiorari, petitioner Rosa Ruiz asks that we vacate an order of the trial court denying her motion to compel certain physicians to answer questions regarding a meeting to discuss an autopsy report on her deceased husband. We grant the petition for writ of certiorari and quash the trial court's denial of the motion to compel answers based upon our finding that the trial court departed from the essential requirements of the law, and that the petitioner does not have an adequate remedy by appeal.
The petitioner's husband died at Larkin General Hospital while being administered anesthesia. An autopsy was performed, at the request of the petitioner, by pathologist Dr. Steven Simon, who prepared a "provisional" report. Subsequently, Dr. Simon met with several of the doctors that had treated and/or attended the petitioner's husband. Thereafter, Dr. Simon prepared a "final" report which contained findings that varied from the findings in his original "provisional" report. Dr. Simon was unable, either from independent recollection or from a review of the "final" autopsy report, to explain the reason for the differences between the "provisional" autopsy report and the "final" autopsy report. In addition, Dr. Simon was unable to produce his own notes relating to the autopsy that he performed.
Being concerned regarding the accuracy of the final autopsy report and the death certificate, the petitioner sought information regarding what transpired at the meeting. At their depositions, the physicians refused to answer any questions regarding the discussion that took place at the meeting, asserting that the meeting constituted a hospital committee meeting and, thus, the proceedings were privileged from discovery under Section 766.101, Florida Statutes (1991). The petitioner then filed a motion to compel the physicians to answer questions regarding the meeting. The trial court denied the petitioner's motion to compel, and the petitioner filed this petition for writ of certiorari to quash that order.
We recognize that an order denying discovery is ordinarily not reviewable by certiorari because the harm from such orders, as a general rule, can be rectified upon plenary appeal. See American Southern Co. v. Tinter, 565 So.2d 891 (Fla. 3d DCA 1990); Vicorp Restaurants, Inc. v. Aridi, 510 So.2d 1082 (Fla. 1st DCA), review denied, 519 So.2d 988 (Fla. 1987); National Beverage Suppliers, Inc. v. Esquire Products of Florida, Inc., 493 So.2d 551 (Fla. 4th DCA 1986). However, certiorari review of orders denying discovery has been granted where it was found that the injury caused by the order was irreparable. See Carroll Contracting, Inc. v. Edwards, 528 So.2d 951 (Fla. 5th DCA), review denied, *198 536 So.2d 243 (Fla. 1988); Marshall v. Anderson, 459 So.2d 384 (Fla. 3d DCA 1984); Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). Especially in circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Travelers Indemnity Co. v. Hill, 388 So.2d at 650.
Accordingly we find that this Court does have jurisdiction to issue the writ because denying the petitioner the opportunity to question the physicians as to what transpired at the meeting would cause the petitioner irreparable injury that could not be remedied on appeal.
Regarding the asserted privilege, the respondents argue that the meeting is absolutely protected from discovery by the medical review committee privilege in Section 766.101, Florida Statutes (1991). Section 766.101(5) provides immunity from liability for medical review committees and states in pertinent part:
The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof.
Section 766.101(1) defines a medical review committee, for purposes of the privilege, and states that a qualifying committee can be a committee of a hospital "formed to evaluate and improve the quality of health care rendered by providers of health services or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care... ." § 766.101(1)(a)1, Fla. Stat. (1991).
Turning to the record, it is apparent that the meeting was not the type of medical review committee meeting envisioned in Section 766.101. Dr. Simon stated that the meeting was not mandated by the hospital, and that it was simply the way he handled most autopsies, which was to "get in touch with the clinicians, tell them I completed an autopsy, and if ... they express interest or in the course of a discussion, you know, I would let them know that ... I'm going to  the organs are available for review." The meeting was simply an informal gathering, called by the pathologist, to invite the doctors to discuss his pathology findings. The doctors were free to choose whether or not to attend based upon their interest in the pathologist's findings. The meeting was not called as an evaluation of the treating physicians work and, therefore, cannot be said to have been formed to "evaluate and improve the quality of health care" or to determine if health services "were performed in compliance with the applicable standard of care."
Thus, the plaintiff is entitled to a full report of the autopsy results as well as a complete disclosure of the information received by Dr. Simon that led up to the "final" autopsy report. The trial court departed from the essential requirements of the law in denying the petitioner's motion. Accordingly, the petition for writ of certiorari is granted, and the order denying the petitioner's motion to compel the defendants to answer questions regarding the meeting is quashed.