PER CURIAM.
International Residential Corporation, plaintiff below, petitions for a writ of cer-tiorari, seeking to quash an order requiring the posting of a bond. Petitioner contends that there is no legal authority which would permit the trial court to require plaintiff to post a bond as a precondition to plaintiffs right to maintain his lawsuit against defendants. See G.B.B. Investments, Inc. v. Hinterkopf, 343 So.2d 899 (Fla. 3d DCA 1977); see also Psychiatric Associates v. Siegel, 610 So.2d 419 (Fla.1992). The order requires plaintiff to post a $5,000 bond, failing which the lawsuit will be dismissed.
We deny certiorari because petitioner has an adequate remedy by appeal, namely, by appeal after dismissal for failure to post the bond, or by appeal at the conclusion of the case. Certiorari is therefore denied, but without prejudice to raise the issue by way of appeal. See Feldman v. Glucroft, 553 So.2d 282, 284 (Fla. 3d DCA 1989); see also Ovadia v. CRH Properties, 586 So.2d 440, 441 (Fla. 3d DCA 1991), aff'd sub nom. Doctors’ Hospital v. Ovadia, 610 So.2d 418 (Fla.1992).
Certiorari denied.