COPE, Judge.
Alvaro Robert and Mary Robert petition for a writ of certiorari. We grant the petition.
Plaintiff Alvaro Robert brought suit against defendants W.R. Grace & Company, Owens-Corning Fiberglas Corp., and Crown Cork & Seal Company, alleging that his lung cancer was caused by exposure to asbestos.[1] Plaintiffs cancer is terminal and his life expectancy is relatively short. There is a genuine possibility that he may not survive to the trial date of October, 1994, or that if he does survive, he will be physically unable to testify.
The instant lawsuit was filed in April, 1994. In recognition of the precarious nature of the plaintiffs health, plaintiff and defendants cooperated in arranging a videotaped deposition on an expedited basis so as to perpetuate his testimony for use at trial in the event that he is unavailable when the trial date of October, 1994 arrives. Subsequent to the videotaped deposition, plaintiffs counsel promptly reviewed a written transcript. Upon doing so, counsel observed that plaintiffs answer to the question whether he had breathed asbestos dust was not clear. This is apparently because the plaintiff answered the question in part by certain physical gestures. The result is a transcribed answer which is somewhat cryptic.
Plaintiff moved for leave to take a second videotaped deposition for purposes of having plaintiff give a clearer answer to that particular question. Defendants opposed the request. One defendant argues that the second deposition is not necessary because the plaintiffs answer becomes clear when the videotape is observed. That defendant also argues that plaintiffs answer to the question on the facts of the present case will have no legal significance, since plaintiff in essence will testify that he breathed air in a room in which there was asbestos, but plaintiff cannot actually testify as to the content of the air.
More generally, defendants also objected to a successive deposition to cover a ground which, in their view, should have been clarified at the first deposition. Defendants also analogized the deposition for perpetuation of testimony to the calling of a witness at trial. They questioned whether, after the conclusion of the plaintiffs testimony, the plaintiffs testimony should be allowed to be reopened.
The trial court denied leave for plaintiff to take a second deposition for perpetuation of testimony. Plaintiff has filed this petition for writ of certiorari.
We entertain this petition solely because it involves the denial of a request to perpetuate testimony by a terminally ill person. All parties agree that the plaintiffs prognosis is, unfortunately, extremely poor. The plaintiff may not survive to the time of trial, much less appeal. If on appeal this court were to conclude that the trial court made an error in refusing to allow the second deposition, and the plaintiff has passed away, a reversal by this court would provide no effective remedy. Consequently we conclude that the denial of leave to perpetuate testimony by a terminally ill person is a matter which may be entertained by petition for writ of certiorari. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098-99 (Fla.1987); Feldman v. Glucroft, 553 So.2d 282, 284 (Fla. 3d DCA 1989).
In their submissions here, the parties have intermingled two issues which we think must be treated separately. One issue is whether the plaintiff should at this time be allowed to take the second deposition in order to perpetuate testimony. A second, and completely distinct, issue is whether such second deposition should be admitted at trial.
In the present case we think the best solution is to allow the plaintiff to take the second deposition to clarify the answer to the specified question. This will be done on the express understanding that the question of admissibility of the second deposition is reserved for a later time. In that way the testimony of the plaintiff will have been preserved, regardless of whether the ultimate decision at trial is to admit, or exclude, the second deposition. We therefore quash the trial court order forbidding the taking of the second deposition requested by the plaintiff.
We must, however, address another issue. Plaintiff has advised us that, notwithstanding the trial court order, the plaintiff *1058 proceeded to take a second videotaped deposition of the plaintiff for purposes of clarifying the plaintiffs earlier answer. Defendants were advised that the plaintiff would do this, but declined to attend. A transcript of the plaintiffs additional statement has been filed with this court. Plaintiff argues that the later videotaped statement should be treated as the second deposition, since defendants were afforded the opportunity to attend but did not, and since this court has now determined that the defendants were in error in opposing the taking of the second deposition.
On this point, plaintiffs position is not well taken. Once the trial court had ordered that the second deposition not be taken, the par7 ties were entitled to rely on that ruling. Consequently, when the plaintiff advised that he would give a videotaped statement, the defendants were within their rights to rely on the trial court order and to decline to attend. Under Florida Rule of Civil Procedure 1.330(a), the videotaped statement does not qualify as a deposition upon reasonable notice and is not admissible over the parties’ objection.
In sum, the order forbidding the taking of the second deposition for purposes of clarifying the plaintiffs earlier answer is quashed. Plaintiff will be permitted to take such a second deposition upon reasonable notice to all parties. All objections to the admissibility of the second deposition are preserved.
Certiorari granted.

. Mary Robert, Alvaro Robert's wife, is also a plaintiff.