PER CURIAM.
Petitioner, Berta Gomez (“Gomez”), seeks a writ of certiorari to review the trial court’s order denying her motion for a post-surgical examination of Kevin Oquen-do. We grant the petition for writ of certiorari and quash the trial court’s order.
I. FACTUAL AND PROCEDURAL HISTORY
In January 2009, Gomez’s vehicle struck the respondent, Kevin Oquendo (“Oquen-do”), and fractured his ankle. Prior to suit being filed, Oquendo underwent surgery. *317 In September 2009, the respondent, Olga Rendon (“Rendon”), the mother and legal guardian of Oquendo, filed suit against Gomez asserting a claim for negligence. Pursuant to Florida Rule of Civil Procedure 1.360, Gomez filed a request for a pediatric orthopedic examination.
In March 2010, Gomez conducted a post-first surgery/pre-second surgery independent medical examination (IME). On March 18, 2011, Rendon notified Gomez that Oquendo was going to have a second surgery in “the immediate future.” On September 9, 2011, Oquendo underwent a second surgery on his ankle. Rendon provided Gomez with the medical records from the second surgery on October 13, 2011. As a result of the second surgery, the trial was continued from the November 2011 trial period.
Gomez then took the video deposition of her defense expert, Dr. Price, on March 12, 2012. During cross-examination, Dr. Price stated that based on his examination after the first surgery Oquendo did not have a permanent injury, but that he did not know if Oquendo had a permanent injury after the second surgery:
Q. So you’re saying that he has no permanent injury based on what you saw on March 8, 2010 exclusively; correct?
A. Correct.
Q. So you don’t know if now after the second surgery he has a permanent injury; correct?
A. Correct.
Q. So it’s possible that he may have a permanent injury after the second surgery, but you don’t know about it; right?
MR. BUSCHMAN: Object to form.
THE WITNESS: Right.
[[Image here]]
Q. Okay. Do you feel that you would be in a better position to tell this jury how Kevin Oquendo is doing now if you had seen him after his second surgery?
A. Yes.
Three days later, on March 15, 2012, Gomez filed a motion for post-surgery defense examination. Rendon responded that she had offered to have Oquendo examined by any of Gomez’s doctors both before and after the second surgery, and that “[sjince the performance of [Price] was poor, the Defendant is now seeking to delay the current trial further, incur multiple additional attorney’s fees and have a second bite at the apple.” The trial court conducted a hearing on the motion, and concluded that Gomez was on notice about the second surgery and should have conducted the examination prior to Price’s deposition. The trial court denied the motion. This petition followed.
II. ANALYSIS
Because Royal Caribbean Cruises, Ltd. v. Cox, 974 So.2d 462 (Fla. 3d DCA 2008), is identical to the facts of this case, we are compelled to follow Cox. This Court noted in Cox that, “[ojrdinarily, orders denying discovery are not reviewable by cer-tiorari because the harm from such orders can generally be rectified on appeal.” Cox, 974 So.2d at 465 (citing Ruiz v. Steiner, 599 So.2d 196, 197 (Fla. 3d DCA 1992)). One key exception to this general rule is where “discovery orders cause irreparable injury to the petitioner.” Id.
On nearly identical facts to the case at issue, this Court in Cox determined that:
Florida Rule of Civil Procedure 1.360(a) allows one party to conduct physical examinations of another where a two-part test is satisfied. The first part provides: “A party may request any other party to submit to, or to produce a person in that other party’s cus *318 tody or legal control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.” The second requirement is that “the party submitting the request has good cause for the examination.” Additionally ... the language of Florida Rule of Civil Procedure 1.360(a) does not limit the party requesting an IME to a single examination of the other party.
Id. at 465 (emphasis in original) (citations omitted).
In Cox, this Court agreed with RCCL that the trial court’s order, denying its Motion to Compel a Supplemental Compulsory Physical Examination of the respondent, “departed from the essential requirements of the law because the nature of Cox’s claims against RCCL placed Cox’s physical condition in controversy,” and that Cox’s second operation “caused a substantial change in that physical condition, thereby giving RCCL good cause to request another IME.” Id. Following the rationale of this Court in Cox, it was error for the trial court judge to deny Gomez’s request for a second medical examination following the second surgery because Oquendo’s injury was in controversy and such an operation “caused a substantial change in that physical condition,” leading to a showing of good cause for the request. Id. “In controversy” merely means that the claims arise out of alleged injuries suffered during the claim in dispute. Id. This controversy element is clearly met in this case, where the claims arise from the ankle fracture that is under dispute.
According to Rule 1.360(a)(2), Gomez also has the burden of showing good cause for the examination. Fla. R. Civ. P. 1.360(a)(2). This Court in Cox determined that:
where a plaintiff asserts that he or she has sustained mental or physical injuries, the defendant’s good cause for conducting an initial IME is normally shown without any further inquiry. However, when a defendant requests a subsequent IME, the defendant should make a stronger showing of necessity before that request is authorized ... [B]ecause Cox’s physical condition underwent a substantial change after Dr. Wilkerson’s first IME, RCCL has proven good cause for requesting and conducting another IME.
Id. at 465-66 (citations omitted). Similarly, here, because Oquendo underwent a second operation, leading to substantial change in his physical condition, good cause is present for requesting a second physical examination. Indeed, because Oquendo’s condition is in controversy, and the requesting party has good cause to request the examination, Florida Rule of Civil Procedure 1.360(a) authorizes an IME. By not granting a second medical examination, the trial court departed from the essential requirements of the law.
Moreover, based on this Court’s opinion in Cox, this Court has jurisdiction to grant petitioner’s writ if the trial court’s order denying petitioner’s request to conduct a supplemental IME causes material harm to petitioner that will last for the remainder of the case. Cox, 974 So.2d at 466 (citing Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)). In order to meet this standard, Gomez must prove this requisite injury. In Cox, this Court determined that petitioner’s requisite injury was proven because the “trial court’s order effectively prevents RCCL from arming itself with the information necessary to rebut the assertions that will be made by Cox and his experts at trial.” Cox, 974 So.2d at 466.
“Pre-trial discovery [in civil litigation] was implemented to simplify the issues in a case, to eliminate the element of sur *319 prise, to encourage the settlement of cases, to avoid costly litigation, and to achieve a balanced search for the truth to ensure a fair trial.” Id. (quoting Elkins v. Syken, 672 So.2d 517, 522 (Fla.1996)) (emphasis added in original). Rendon cites to Ruiz for support that an appeal from a final judgment would rectify any harm done by the lower court, where this Court stated, “[w]e recognize that an order denying discovery is ordinarily not reviewable by certiorari because the harm from such orders, as a general rule, can be rectified upon plenary appeal.” Ruiz, 599 So.2d at 197. The respondent failed to cite further in the opinion where this court elaborated on its rationale by stating, “[hjowever, cer-tiorari review of orders denying discovery has been granted where it was found that the injury caused by the order was irreparable.” Id. It was found in Ruiz that this Court had jurisdiction to issue the writ because denying the petition would cause the petitioner irreparable injury, not remedied on appeal. Id.
Here, similar to Cox, the trial court’s order denying a second medical examination effectively causes material injury for the remainder of the case that cannot be remedied on appeal. In Cox, it was determined that Cox’s experts would undoubtedly have the opportunity to examine the respondent throughout his medical treatments, while RCCL would not have that same opportunity. This left RCCL “powerless to rebut any assertions made by Cox’s experts at trial that are based on Cox’s condition after the second shoulder operation.” Cox, 974 So.2d at 467. Such a situation is analogous to what Gomez would face at trial, leaving her powerless to rebut the Rendon’s experts, leading not only to material injury for the remainder of the case but also “depriving] [Gomez] of the ‘balanced search for the truth’ which our rules of pre-trial discovery seek to implement.” Id.
Rendon argues that by providing X-rays, CT scans and record updates to Gomez of Oquendo’s post-surgical condition, no such material harm will result. Such an argument, however, was rejected by this Court in Cox. “Where the requisite good cause exists to conduct an IME, a mere review of the opposing party’s medical records is not a sufficient substitute for a firsthand, physical examination.” Id. at 467. Thus, an actual physical examination might yield “substantially different results than a mere review of the records.” Id. at 468.
Lastly, Gomez “must demonstrate that the injury caused by the trial court’s order, denying its request for a supplemental IME ... cannot be remedied on appeal after a final order is entered.” Id. (citing Reeves, 889 So.2d at 822). In Cox, this Court determined that “[cjertiorari is appropriate in the instant case because on appeal it will be impossible to determine exactly how the trial court’s order affected both RCCL’s defense and the final outcome of the case.” Id. Such a rationale applies in the case at hand. As this Court stated in Cox, “[t]he effect of this information on the trier of fact could be trivial, but, on the other hand, it could be substantial. It will be impossible, however, to determine what effect the trial court’s order had, on [the Petitioner’s] ability to defend, or on the final outcome of the case.” Id.
For the reasons stated, we grant the petition and quash the trial court’s order.
Petition for certiorari granted; order quashed.