# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2813
Lower Tribunal No. 13-4597
_____

**Kristen N. Toomey,**
Petitioner,

vs.

**The Northern Trust Co., Trustee, etc., et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Crabtree & Auslander, and Charles M. Auslander and John G. Crabtree and Brian C. Tackenberg; The Kelley Law Firm and Rohan Kelley and Shane Kelley (Ft. Lauderdale), for petitioner.

Goldman Felcoski & Stone and Brian Felcoski and Robert W. Goldman; Laird A. Lile (Naples); Nancy Pond Halula; H. Dockery Teele, Jr. (North Carolina); Horack Talley Pharr & Lowndes, and Kimberly Sullivan (North Carolina); William V. Linne (Pensacola); The Virgil Law Firm and J. Eric Virgil; The Nguyen Law Firm and Hung V. Nguyen, for respondents.


Before SALTER, LOGUE and SCALES, JJ.

SALTER, J.

Kristen Toomey seeks a writ of certiorari quashing a circuit court protective order preventing the deposition of two witnesses noticed by the petitioner in an effort to preserve their testimony.  We grant the petition and quash the order.[1]

In the underlying case, The Northern Trust Company, as trustee of the James L. Knight Charitable Term Trust under agreement dated March 26, 1969,[2] is the plaintiff in an action seeking construction of the Trust Agreement as provided in section 736.0201(4)(e), Florida Statutes (2015).  Without fully detailing the alleged ambiguities in the Trust Agreement or considering the legal sufficiency of the second amended complaint, it is sufficient to characterize the case as one principally seeking a determination of the manner in which the terminating distributions from the Knight Trust are to be made to James L. Knight's great-grandchildren.

---

[1] We granted the petitioner's motion to expedite the filing and service of responses and a reply, as well as our consideration of the issues raised in the petition. Consistent with the expedited briefing and consideration, we issued an order granting the petition and quashing the protective order on January 8, 2016, noting in that order that our more detailed opinion would follow.

[2] We refer to The Northern Trust Company in this capacity as "Trustee," the trust itself as the "Knight Trust," and the trust instrument as the "Trust Agreement."

2

The petitioner in this case is one of the great-grandchildren. She is the granddaughter of Barbara Knight Toomey, who is in turn one of the four surviving daughters of James L. Knight. Mr. Knight passed away in 1991.

Barbara Knight Toomey is 78 years old and, according to the undisputed affidavit of her treating physician, suffers from end-stage chronic obstructive pulmonary disease and emphysema, "both of which are life threatening at this point in time." Her treating physician has also expressed the opinions, in the same affidavit, that a reasonable estimate of her life expectancy is six months (as of November 6, 2015), and that if she "contracts any pulmonary infection such as influenza or pneumonia, it could result in her death."

The petitioner has alleged that Barbara Knight Toomey and Edward Olson are two living witnesses who had direct conversations with James L. Knight regarding his intentions in executing the Trust Agreement and regarding the administration of the Trust. Mr. Olson, an attorney, is also in his seventies. The petitioner noticed Barbara Knight Toomey and Edward Olson for videotaped deposition in December 2015, a time when five of the beneficiary defendants in the case had moved to dismiss the second amended complaint.

Three of those five beneficiary defendants filed a motion for a protective order striking the notices of deposition of Ms. Toomey and Mr. Olson and staying all discovery pending rulings on the pending motions to dismiss. The trial court

granted the motion, apparently in the belief that the motions to dismiss could be heard in short order and the depositions could proceed after that (if the motions to dismiss were denied).

Unfortunately, defense counsel coordination and scheduling difficulties pushed back the hearing on the motions to dismiss to January 28, 2016. Understandably concerned by the delay, the petitioner (ultimately joined by thirteen other beneficiary defendants) filed the present petition for certiorari and a motion to expedite this proceeding on December 11, 2015.

Analysis

"Ordinarily, orders denying discovery are not reviewable by certiorari because the harm from such orders can generally be rectified on appeal." Royal Caribbean Cruises, Ltd. v. Cox, 974 So. 2d 462, 465 (Fla. 3d DCA 2008) (citing Ruiz v. Steiner, 599 So. 2d 196, 197 (Fla. 3d DCA 1992)). However, an exception to this general rule applies where, as in the present case, "discovery orders cause irreparable injury to the petitioner." Id. This Court has held that "the denial of leave to perpetuate testimony by a terminally ill person is a matter which may be entertained by petition for writ of certiorari." Robert v. W.R. Grace & Co., 639 So. 2d 1056, 1057 (Fla. 3d DCA 1994) (citing Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1098-99 (Fla.1987)).

4

The depositions were plainly within the general scope of discovery relating to the allegations in the second amended complaint. Fla. R. Civ. P. 1.280(b). Both of the witnesses consented to be deposed in Naples, Florida. We are not persuaded by the argument of a minority of the beneficiary defendants that the motion to dismiss might be granted, thereby mooting the deposition controversy. The attorney's fees and court reporting costs for two videotaped depositions on a discrete set of issues pale in comparison to the prospect that the testimony of two potentially important witnesses may be irrevocably lost.

> Especially in circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since "there would be no practical way to determine after judgment what the testimony would be or how it would affect the result."

Ruiz, supra, at 198 (citing Travelers Indemnity Co. v. Hill, 388 So. 2d 648, 650 (Fla. 5th DCA 1980)).

And the pending motions to dismiss might be granted in a ruling allowing a further amendment. What then? Even when a complaint is dismissed, if leave to amend is granted, the action itself is still alive. Branch v. O'Selmo, 147 So. 3d 1089, 1093 (Fla. 3d DCA 2014). If this small group of defendants ultimately prevails in having the second (or later) amended complaint dismissed with prejudice, or in the improbable event that the videotaped depositions were a

frivolous exercise, those defendants are not without recourse to recover their expenditures.

The defendants who sought and obtained the protective order provided nothing to controvert Barbara Knight Toomey's lamentable medical prognosis. They failed to establish any of the grounds under Florida Rule of Civil Procedure 1.280(c) (annoyance, embarrassment, oppression, undue burden or expense) warranting a protective order.

For these reasons, we find that the petitioner has demonstrated a basis for granting certiorari and quashing the protective order and stay of discovery as to Barbara Knight Toomey and Edward Olson.